STATE OF MINNESOTA vs. PATRICK WALSH.

June 9, 1890.

Statute—Construction of Penal Act.—An act is not made criminal by statute unless the intention to do so is apparent in the law, beyond serious doubt.

Same—General following Specific Words.—Where, in a statute, words particularly designating specific acts or things are followed by and associated with words of general import comprehensively designating acts or things, the latter are generally to be regarded as comprehending only matters of the same kind or class as those particularly stated.

Same—Injury to Railway Structures—Fences.—A statute making it criminal to displace, remove, or destroy "a rail, sleeper, switch, bridge, viaduct, culvert, embankment, or *structure* appertaining to or connected with a railway," *held* not applicable to structures—as a fence—not constituting any part of the railroad proper.

Appeal by defendant from an order of the district court for Goodhue county, *McCluer*, J., presiding, refusing a new trial.

*J. C. McClure*, for appellant.

*Moses E. Clapp*, Attorney General, and *F. M. Wilson*, for the State.

DICKINSON, J. The defendant was convicted under an indictment for the act of cutting and removing a section of fence on each side of a strip of land occupied by a railroad company for its railway track across the defendant's land. The fence had been constructed by the railroad company to inclose the land thus occupied by it. The defendant appears to have removed the fences to facilitate the driving of his stock from one part of the farm to another. On the part of the state, it is only claimed that the act of the defendant was crim-

inal by force of section 476 of the Penal Code, which, so far as need be here recited, declares that "a person who (1) displaces, removes, injures, or destroys a rail, sleeper, switch, bridge, viaduct, culvert, embankment, or structure, or any part thereof, attached or appertaining to, or connected with a railway, whether operated by steam or by horses, * * * is punishable as follows;" the prescribed penalty making the prohibited acts felonies.

The application of two well-settled and familiar rules of construction exclude the act of the defendant from the operation of this statute.

A statute is not to be deemed to make an act criminal, which would not have been so except for the statute, unless the intention of the legislature to effect that result is apparent, and not seriously doubtful; and if, applying the proper principles of construction to ascertain the intention of the legislature expressed in the law, it remains fairly doubtful whether it was intended to embrace acts or conduct like that under consideration, such acts or conduct must be regarded as not within the statute.

It is a principle of statutory construction, everywhere recognized and acted upon, not only with respect to penal statutes, but to those affecting only civil duties and rights, that, where words particularly designating specific acts or things are followed by and associated with words of general import, comprehensively designating acts or things, the latter are generally to be regarded as comprehending only matters of the same kind or class as those particularly stated. They are to be deemed to have been used, not in the broad sense which they might bear if standing alone, but as related to the words of more definite and particular meaning with which they are associated. Numerous illustrations of this rule of construction are given in Endlich, Interp. St. § 400 *et seq.* The rule is too familiar to require a selection from the multitude of decisions for the purpose of citation.

The only language of this law which is claimed to embrace a fence inclosing a right of way of a railroad is the general word "*structure*," following the words of particular, definite import, "rail, sleeper, switch, bridge, viaduct, culvert, embankment." It will be observed that all the things thus specifically mentioned are parts of the railroad

proper, over which trains are operated. In this respect, they are all of one class; and it is easy to see why the legislature made it a felony to displace, remove, injure, or destroy any of these. The fences bounding and inclosing the land used for railroad purposes are obviously not *ejusdem generis* with the things thus specified, constituting parts of the railroad proper, and, under the rule to which we have referred, cannot be regarded as included in the general term "structure." Aside from the language which we have recited, there is nothing in the nature of the case to oppose the application of the general rules of construction to which we have referred. As we have said, the things particularly stated are of one kind or class,—that is, all are parts of the railroad; and the safety of every train that may pass over the road is necessarily and immediately dependent upon the condition of these things. The fences along the road are not a part of the road-bed, and affect the safety of the trains only as they may prevent intrusion upon the railroad from the adjacent lands. The danger from an unauthorized interference with the fence is not the same as that from acts affecting the condition of the road and the track; and the construction of the act contended for by the state has not the support of the fact that the reason for the enactment was obviously the same, as respects the fences, as the road-bed and track. Of course, the word "structure," in this connection, may be of effect. It doubtless would embrace a trestle-work supporting the track, although it might not be properly designated by the word "bridge." It might include the earth road-bed under the track at a point where there was no "embankment." On the other hand, it would not include a section-house by the track used for housing a hand-car and the tools of the section-men, although such a structure would be distinctly within the express terms of the law.

The verdict must be set aside, and the cause remanded to the district court with directions to dismiss the prosecution.