Pacesetter Homes, Inc., an Illinois Corporation, Plaintiff-Appellee, v. Village of Olympia Fields, a Municipal Corporation, Defendant-Appellant.

Gen. No. 52,916.

First District, Second Division.

December 30, 1968.

Edward A. Scott, and Ross, Hardies, O'Keefe, Babcock, McDugald & Parsons, of Chicago (H. Marlin Smith and Fred P. Bosselman, of counsel), for appellant.

James W. Cotter and Gregory L. Tumbarello, of Chicago, for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

This appeal is taken from a decree entered on the pleadings declaring unconstitutional portions of an architectural control ordinance enacted by defendant, Village of Olympia Fields.

On March 4, 1966, plaintiff, Pacesetter Homes, Inc., through its authorized agent, filed an application, together with architectural plans and other pertinent matters, with the Building Commissioner of the Village for a permit to construct a singe-family residence building in a subdivision of the Village. The application was referred

to the Architectural Advisory Committee of the Village which, on April 23, 1966, determined that the application not be allowed on the ground that the proposed building violated Ordinance 63 of the Village regulating the architectural designs and styles of new construction within the Village, and the remodeling or alteration of existing structures. The application was disallowed because the proposed construction was "architecturally similar" to other buildings in the area of the proposed construction site.

The preamble to Ordinance 63 recites that the purpose of the Ordinance is to provide for and protect the health, safety, comfort and convenience of the Village residents. The preamble asserts the desirability of the enactment of reasonable standards for home construction and subdivision design, and recites that "excessive similarity, dissimilarity or inappropriateness in exterior design and appearance of property" adversely affects the desirability, stability, economic and taxable value, and the like, of nearby property.

The Ordinance provides in pertinent part that plans for new building construction, or the remodeling or alteration of existing buildings within the Village are to be submitted to the Village Building Commissioner for the issuance of a building permit. If the Commissioner "believes" that the proposed construction or alteration "may" produce excessive similarity, dissimilarity or inappropriateness in relation to nearby property, he shall refer the application to the Architectural Advisory Committee for further consideration. If "any members" of the Committee likewise "believe" that the proposed construction or alteration "may" produce the same result, he shall direct the Building Commissioner to refer the application to the Architectural Advisory Committee as a body. The Committee must then consider the application, on the same basis as did the Building Commissioner, and "no building permit shall be issued" unless a majority

220

of the Committee determines that the proposed construction or alteration will not produce the "harmful effects" as therein provided.

The standards to be employed by the Building Commissioner and by the Architectural Advisory Committee in determining whether a proposed construction or alteration is violative of the Ordinance are set out in subparagraph E of section 1 of the Ordinance. It provides that the Commissioner and the Committee, in reaching a determination, shall consider "whether there exists one or more of the following:

"(i) Excessive similarity or dissimilarity of design in relation to any other structure existing or for which a permit has been issued within a distance of 1,000 feet of the proposed site, or in relation to the characteristics of building design generally prevailing in the area, in respect to one or more of the following features:

"(1) Apparently identical facade;
"(2) Substantially identical size and arrangement of either doors, windows, porticoes or other openings or breaks in the facade facing the street, including a reverse arrangement thereof;
"(3) Cubical contents;
"(4) Gross floor area;
"(5) Other significant design features, such as, but not limited to, roof line, height of building, construction, material, or quality of architectural design; or
"(6) Location and elevation of building upon the site in relation to the topography of the site and in in relation to contiguous property.
"  . . .
"(ii) Inappropriateness in relation to any other property in the same or any adjoining district of design, landscaping, building materials and use thereof,

221

orientation to site, or placement of parking, storage or refuse areas."

If the proposed plan of construction or alteration is approved by a favorable vote of a majority of the Architectural Advisory Committee, the Ordinance provides that the Committee shall serve notice upon the Building Commissioner to issue the building permit. Where, however, the Committee disapproves the application, no permit shall issue except as directed by the Village Board of Trustees. The applicant whose application has been disapproved by the Committee has the right to appeal to the Village Board, at which appeal all records and findings theretofore made before the Commissioner and the Committee shall be made available to the Board. The Village Board has the power, by majority vote, to refer the application back to the Architectural Advisory Committee for further consideration, or, by a favorable vote of not less than two-thirds of all the Board's members, to set aside the Committee's action on the application and to direct the Building Commissioner to issue a building permit to the applicant in accordance with the application, provided that all other building requirements of the Village have been complied with.

Plaintiff, upon receipt of notice of the Architectural Advisory Committee's disapproval of its application, appealed to the Village Board of Trustees as provided by the ordinance. The Board also disapproved the application and refused to grant the desired building permit. Plaintiff thereupon filed this action in the Circuit Court for mandamus to compel the issuance of a building permit and to have Ordinance 63 of the Village declared unconstitutional and void. The Village answered, denying all material allegations contained therein. Plaintiff thereafter moved for judgment on the pleadings, pursuant to section 45(5) of the Civil Practice Act, on the ground that the litigation could be terminated upon a determina-

tion by the court of the constitutionality of the Ordinance.

After additional matters were filed by the parties in relation to the plaintiff's motion for judgment on the pleadings, the court granted the motion and entered a decree finding that subsections D and E of section 1 of the Ordinance (dealing, respectively, with the powers of the Building Commissioner and the Architectural Advisory Committee to withhold the issuance of a building permit upon a determination that the proposed construction or alteration violated the Ordinance, and the standards under which such determination was to be made) were unconstitutional and void as an unlawful delegation of legislative authority to an administrative body without proper standards having been set. The denial of plaintiff's application for the building permit was held to be an unlawful invasion of plaintiff's property rights under the constitutions of the United States and the State of Illinois, and the Village was enjoined from enforcing said portions of the Ordinance against plaintiff. The Village appeals from this decree.

The Village contends that Ordinance 63 gives the Architectural Advisory Committee advisory powers only. For that reason, the Village maintains, it was not necessary that specific standards be enacted to control the actions of the Committee.

As pointed out by a noted authority on the subject of Administrative Law, "[a]dvisory opinions differ from declaratory orders in their lack of reviewability and in their lack of binding effect in absence of an estoppel." Davis, Administrative Law Treatise, Vol I, § 4.09. A consideration of Ordinance 63 of the Village reveals that the decisions of the Architectural Advisory Committee are declaratory in nature, rather than advisory, and that they are binding upon the applicants and are also appealable.

■ In cases where the Committee determines that a permit shall be issued to an applicant, the matter is terminated at that point and the Village Board has no further authority in the matter. In cases where the Committee determines that an application should be disapproved, the Ordinance provides that "a building permit *shall not be issued* on the application except by express direction of the Village Board upon appeal. . . ." (Emphasis by Court.) The Ordinance then provides that in the event of "a denial of a building permit by reason of the action of the Architectural Advisory Committee, the applicant shall have the right to appeal the action directly to the Village Board." Although the denial of a building permit by the Building Commissioner must be referred to the Architectural Advisory Committee, the appeal or referral to the Village Board of the Committee's action is not mandatory and the Committee's disapproval of the application, with the resultant denial of the issuance of a building permit, stands as final as to the applicant, unless he affirmatively acts to overturn the Committee's determination by appeal to the Village Board. Furthermore, in order to successfully overturn the Committee's adverse determination, the applicant is required to secure the approval of two-thirds of the members of the Village Board. The function of the Architectural Advisory Committee, and that of the Building Commissioner as well, is declaratory rather than advisory, and the rules applicable to the delegation of legislative powers to administrative bodies are applicable here.

The cases cited by the Village in support of its position apply to bodies acting in an advisory rather than in a declaratory capacity, which is not the case here. See Village of Justice v. Jamieson, 7 Ill App2d 113, 129 NE2d 269, where, under the empowering ordinance, the County Zoning Board was sitting in a purely advisory capacity, the court held that the constitutional standards otherwise applicable to administrative hearings did not have

to be complied with. See also Petterson v. City of Naperville, 9 Ill2d 233, 137 NE2d 371, where the advisory commission's action, as required by the empowering ordinance, had to be submitted to the proper legislative body for a final determination; as pointed out above, no such mandatory appeal or referral to the Village Board from the decisions of the Architectural Advisory Committee is embodied in Ordinance 63.

The question arises whether Ordinance 63 sets forth adequate standards or guidelines to govern the action of the Architectural Advisory Committee (and the Building Commissioner as well) in determining whether a proposed construction or alteration is violative of the provisions of the Ordinance.

It cannot be disputed that the Ordinance gives the Committee wide discretion in determining which applications will be allowed and which will be disallowed. The power of the Committee itself to act is controlled by the initial action of the Building Commissioner. If the Commissioner initially determines that the application should be allowed and the permit issued, no occasion is presented for action on the part of the Committee. Where, however, the Commissioner "believes" that the proposed construction or alteration "may" cause "one or more harmful effects" envisioned by the broad standards set forth in subsection E(i) and (ii) of section 1 of the Ordinance, he shall refer the application to the Architectural Advisory Committee. Only when "any members" of the Committee likewise "believe" that the proposed construction or alteration "may" have such harmful effect or effects does the authority of the Committee as a whole to act in the matter arise.

█ If the Committee, applying the same standards as hereinabove set forth, determines by majority vote that the application shall be allowed, then the Building Commissioner "shall" issue the building permit as directed by the Committee. If the Committee determines

225

that the application shall not be allowed, then the applicant's only recourse is to appeal to the Village Board and attempt to secure a favorable vote of two-thirds majority of the members of the Board. It is clear that Ordinance 63 fails to prescribe adequate standards to control the actions of the Architectural Advisory Committee in determining whether or not an application shall be approved or disapproved, and confers too broad a discretion on the Committee in this regard. City of Sullivan v. Cloe, 277 Ill 56, 61–62, 115 NE 135.

The cases cited by the Village for the proposition that an ordinance need not prescribe precise standards to control decisions made by local legislative bodies are not in point. The standards set out in Ordinance 63 should have been designed to control decisions made by an administrative body, and not a legislative body, as demonstrated above. See Kotrich v. County of DuPage, 19 Ill2d 181, 166 NE2d 601; Brown v. County of Lake, 67 Ill App2d 144, 213 NE2d 790.

The Village cites architectural control ordinances enacted by several other municipalities in this State, none of which have been subjected to a judicial determination as to their validity. In light of the view we take of Ordinance 63 of the Village of Olympia Fields, it is unnecessary to consider the matters raised in the briefs of the parties with respect to the purpose and validity of architectural control ordinances generally.

For these reasons the decree is affirmed.

Decree affirmed.

LYONS and McNAMARA, JJ., concur.