*464
 
 Gibson, J.
 

 The issue- is the constitutionality of certain parts of the Town of New Castle’s zoning ordinance. The provisions challenged create a Board of Architectural Review and require that each application for a permit to construct a new building, or to make alterations or additions of specified nature and cost, shall be submitted to the board. Authority is conferred upon the board to disapprove any such application upon finding that the structure ‘‘ would, if erected or altered be so detrimental to the desirability, property values or development of the surrounding areas as to provide one or more of the harmful effects set forth in Section 1 [of the ordinance] by reason of * * * excessive similarity * * * excessive dissimilarity * * * or * * * inappropriateness in relation to the established character of other structures in the immediate area or neighboring areas ”.
 

 Without first applying for a permit, plaintiff brought this action for declaratory judgment. The amended complaint, after averring plaintiff’s ownership of realty in the town, alleges that the ordinance provides no standards for the guidance of the board, exceeds the permissible bounds of the police power and is too vague and ambiguous to be enforced. For the obvious purpose of showing present damage and invasion of right, the amended complaint sets forth the conclusory.allegations that the ordinance “ is confiscatory in that [it] would seriously impair, or entirely destroy the value of plaintiff’s poperty, is invalid and is in excess of the authority of the Town.”
 

 In granting defendants ’ motion to dismiss, Special Term gave effect to defendants’ argument that the plaintiff’s failure to apply for a building permit rendered its constitutional attack premature, the court defining the “ basic issue [as] one of standing in the constitutional sense to raise the question involved holding that
 
 “
 
 [i]f a statute is fairly susceptible of a constitutional construction and able to be administered in a fashion that would prevent an unconstitutional confiscation, then the administrative relief provided shall first be resorted to so that it can be determined if any injury has occurred and concluding that ‘ ‘ the plaintiff has failed to show any of the unusual circumstances that might render the administrative remedy inadequate.”
 

 
 *465
 
 The Appellate Division, affirming, agreed that 1
 
 ‘
 
 the causes of action alleged in the amended complaint * * * are asserted prematurely where, as here, no application has been made for a building permit.” (28 A D 2d 570.)
 

 We conclude that the plaintiff should, indeed, be confined to its administrative remedy, in the first instance. Aesthetic considerations are not unlawful per se
 
 (People
 
 v.
 
 Stover,
 
 12 N Y 2d 462, app. dsmd. 375 U. S. 42); and unless and until a building permit for a specific structure shall have been denied, even the existence of any present damage cannot be demonstrated, so nebulous is plaintiff’s claim thereof as it appears in the allegations of the amended complaint hereinbefore quoted. Additionally, in this particularly difficult area of regulation, a decision rendered prior to the denial of a building permit would have to be reached in a vacuum and without such help as we might obtain from knowledge of the board’s practical construction of the ordinance and of the standards actually applied.
 

 The parties dispute the meaning and effect of our decision in
 
 Levitt
 
 v.
 
 Incorporated Vil. of Sands Point
 
 (6 N Y 2d 269); and, initially at least, appellant mistakenly argued that
 
 Levitt
 
 authorized a constitutional attack upon an
 
 “
 
 architectural ordinance ” prior to an application for a building permit. Actually, however, the cauáe of action upon which that attack was mounted had been dismissed, as premature, on an earlier appeal to the Appellate Division (2 A D 2d 688) and upon remand was abandoned, and hence was not involved in the subsequent appeals to the Appellate Division and to this court (6 N Y 2d 269,
 
 supra,
 
 affg. 6 A D 2d 701). Thus, such appellate court authority as has specifically treated the issue of prematurity, as applied to an ordinance regulating design and appearance, is that of the Appellate Division upon the first appeal (2 A D 2d 688,
 
 supra)
 
 and, of course, contravenes appellant’s argument.
 

 The cases cited by appellant
 
 *
 
 are clearly inapposite, dealing, as they do, with direct attacks on the constitutionality of particular zoning ordinances, without prior applications for vari
 
 *466
 
 anees. A variance, seeking to go
 
 outside
 
 the regulatory scheme, is far different from an application for a building permit
 
 within
 
 it. The stated basis of our reversal in the latest of the cases cited by appellant serves also to point up the distinction:
 
 11
 
 The Zoning Board does not have the power to review the discretion of the Board of Trustees [citations] and thereby correct errors of judgment in zoning. [Citations] * * * £ Indeed, an application for a variance here * * * would be futile * * * since the Zoning Board of Appeals has no power to remake the zoning map under the guise of granting a variance [cases cited] ’ ”.
 
 (Scarsdale Supply Co.
 
 v.
 
 Village of Scarsdale,
 
 8 N Y 2d 325, 330.)
 

 The order of the Appellate Division should be affirmed, with •costs.
 

 Chief Judge Fuld and Judges Burke, Sciieppi, Bergan, Breitel and Jasen concur.
 

 Order affirmed.
 

 *
 

 E.g.,
 
 Scarsdale Supply Co.
 
 v.
 
 Village of Scarsdale
 
 (8 N Y 2d 325);
 
 Levitt
 
 v.
 
 Incorporated Vil. of Sands Point
 
 (6 N Y 2d 269);
 
 Vernon Park Realty
 
 v.
 
 City of Mount Vernon
 
 (307 N. Y. 493);
 
 Dowsey
 
 v.
 
 Village of Kensington
 
 (257 N. Y. 221).