R.S.T. BUILDERS, INC., Plaintiff-Appellant, v. THE VILLAGE OF BO-LINGBROOK *et al.*, Defendants-Appellees.

Third District   No. 3—85—0507

Opinion filed February 21, 1986.—Rehearing denied March 25, 1986.

Richard T. Buck, of McKeown, Fitzgerald, Zollner, Buck, Sangmeister & Hutchison, of Joliet, for appellant.

42

Barry L. Moss and George H. Klumpner, both of Moss & Bloomberg, Ltd., of Bolingbrook, for appellees.

JUSTICE STOUDER delivered the opinion of the court:

This appeal arises from a decision of the circuit court of Will County which held certain sections of a municipality's development code, dealing with architectural control, constitutional.

In May 1985, the plaintiff, R.S.T. Builders, Inc. (R.S.T.), applied for a building permit from the defendant, village of Bolingbrook (Bolingbrook or village), to allow the construction of a single-family residence in an established subdivision within the village. Pursuant to the Bolingbrook Development Code (Code), the application and architectural plans for the proposed residence were reviewed by the village's appearance review committee (committee). The committee compared the proposed plans with existing residences in the subdivision and reported that the proposed residence would not be compatible with the "neighboring development." The report enumerated five reasons why the proposed residence did not meet the criteria contained in the Code. The committee wanted shutters put on the windows, lights on the outside, aluminum siding, a brick veneer front, and a two-car garage.

This report was given to the village's plan commission (commission), which met on June 12, 1985. Following a presentation on behalf of R.S.T. by its agent, John Leach, the commission voted unanimously to affirm the committee's decision. On June 25, 1985, the village's board of trustees (board) met to consider the decision of the committee and commission not to grant a building permit to R.S.T. Subsequent to a presentation by R.S.T.'s attorney, the board voted unanimously to deny R.S.T. a building permit.

On July 2, 1985, R.S.T. filed a complaint in the circuit court seeking a declaratory judgment that the sections of the Code pertaining to the committee be declared unconstitutional. R.S.T. also sought an injunction enjoining the village's enforcement of those sections. The circuit court ruled in favor of the village and held that those sections of the Code were not unconstitutional nor was there an unconstitutional delegation of legislative authority and, further, the standards or criteria set forth in the Code were not unconstitutionally vague or indefinite. This appeal follows.

Section 30—319 of the Bolingbrook Development Code provides in pertinent part:

"An appearance review committee, consisting of the Plan Commission Chairman or designated representative, the Village

Manager, and the Director of Community Development shall review the plans, elevations, detail drawings and specifications of all proposed developments covered in this Chapter. Any development of any parcel of land involving construction of one (1) single-family dwelling *** shall be reviewed and approved by the committee if it satisfies the criteria in Section 30—206."

Section 30—206 lists certain appearance criteria pertaining to such factors as the relationship of buildings to site, and building design. The issue presented on appeal is whether these provisions are constitutional.

The only case decided on appeal concerning an ordinance similar to the ordinance in the instant case is *Pacesetter Homes, Inc. v. Village of Olympia Fields* (1968), 104 Ill. App. 2d 218, 244 N.E.2d 369. In *Pacesetter*, the plaintiff builder, through its authorized agent, filed an application, together with architectural plans and other pertinent matters, with the defendant village's building commissioner for a permit to construct a single-family residence in a subdivision of the village. The application was referred to an architectural advisory committee, which determined that the application not be allowed on the ground that the proposed residence violated a village ordinance regulating the architectural designs and styles of new construction within the village. The application was disallowed because the proposed construction was "architecturally similar" to other buildings in the area of the proposed construction site. The builder appealed to the village's board of trustees as provided by the ordinance. The board also disapproved the application and refused to grant the desired building permit. The builder thereupon filed an action in the circuit court for *mandamus* to compel the issuance of a building permit and to have the ordinance declared unconstitutional and void. The court entered a decree finding those sections of the ordinance dealing with the powers of the building commissioner and the architectural advisory committee to withhold the issuance of a building permit upon a determination that the proposed construction violated the ordinance, and the standards under which such determination was to be made, were unconstitutional and void as an unlawful delegation of legislative authority to an administrative body without proper standards having been set. The denial of the builder's application for a building permit was held to be an unlawful invasion of its property rights under the constitutions of the United States and the State of Illinois, and the village was enjoined from enforcing those portions of the ordinance against the builder. This decision was affirmed on appeal.

Bolingbrook argues that *Pacesetter* is readily distinguishable from

the case at bar. We disagree and find that as a matter of law the relevant sections of the Bolingbrook Development Code are so substantially similar to those sections of the ordinance in *Pacesetter* declared unconstitutional that their same fate is unavoidable.

In our opinion, the reasoning behind the *Pacesetter* decision is applicable to this case, and repetition of the relevant law would serve no useful purpose. We do find, however, that the Bolingbrook appearance review committee, like the Olympia Fields architectural advisory committee, makes decisions which are declaratory in nature, as opposed to being merely advisory as the village contends. These decisions are binding on the applicants, who must appeal them if they are not satisfied with the committee's decision. In fact, section 30-319 states that "[a]ny development of any parcel of land involving construction of one (1) single-family dwelling *** shall be reviewed and approved by the committee." The term "approved" as used in this section certainly has the appearance of being declaratory in nature.

We further find, after a review of section 30—206's criteria, that Bolingbrook's criteria are equally as vague as those found unconstitutionally vague and indefinite in *Pacesetter* (*e.g.,* "harmonious conformance," "inappropriate materials," "durable quality," "good proportions," "exposed accessories" and "monotony of design"). The Code completely fails to prescribe adequate standards to control the actions of the committee in determining whether or not an application shall be approved or disapproved. As in *Pacesetter*, this confers too broad a discretion on the committee.

For these reasons, we find section 30—319 unconstitutional and void as an unlawful delegation of legislative authority to an administrative body, and section 30—206 unconstitutionally vague and indefinite. Therefore, the decision of the circuit court of Will County is reversed and remanded with directions to proceed in accord with the views expressed in this opinion.

Reversed and remanded.

SCOTT and BARRY, JJ., concur.