PHYLLIS M. NOLE, Respondent, v JOHN A. PASSIDOMO, as Commissioner of Motor Vehicles of the State of New York, et al., Appellants.

Third Department, July 17, 1986

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Frank K. Walsh* of counsel), for appellants.

*Walter Donnaruma* for respondent.

### OPINION OF THE COURT

LEVINE, J.

By letter of October 12, 1984, defendants advised plaintiff that Liberty Mutual Insurance Company (Liberty), the liability insurance carrier for a vehicle registered by her in New York, had notified defendants that coverage on the vehicle had terminated on September 12, 1984. Defendants' letter requested plaintiff to verify, *inter alia,* whether she had insurance for her vehicle and warned plaintiff that a failure to reply and submit proof of insurance would result in the

suspension of her registration. On October 22, 1984, an independent insurance agency wrote to defendant Commissioner of Motor Vehicles that plaintiff's vehicle was insured by another carrier, effective October 15, 1984, some 33 days after the termination date of plaintiff's prior coverage. Next, defendant Department of Motor Vehicles sent a letter, dated November 2, 1984, to plaintiff's attorney stating that Liberty had been contacted and had confirmed that proper notification had been sent to plaintiff for termination of the insurance for nonpayment of premiums. This letter further advised that copies of the notice of termination and of the certificate of mailing were available from Liberty upon request, that any complaint on the sufficiency of the notice could be filed with the Insurance Department and, finally, that a determination by the Insurance Department that improper notice of termination had been given would be "sufficient to satisfy this matter and close our records". Subsequently, defendants issued an order of suspension of the registration of plaintiff's vehicle, pursuant to Vehicle and Traffic Law § 318 (1) (a), for 33 days, representing the period of lapsed coverage.

Plaintiff then brought the instant action for a declaratory judgment, alleging (1) that the suspension was issued in the absence of any evidence of legal termination of insurance or of lapse of insurance coverage, (2) that Vehicle and Traffic Law § 318 does not permit a suspension of registration for lapsed insurance coverage when the registrant has reobtained coverage at the time of the suspension, and (3) that section 318 was unconstitutional in authorizing the suspension of registration without affording the registrant a prior adversarial, evidentiary hearing. Plaintiff's motion for a preliminary injunction was denied, as was defendants' motion to dismiss. After defendants then answered the complaint, they made the instant motion for summary judgment. Plaintiff opposed the motion on the grounds that, *inter alia,* issues of fact existed as to whether Liberty had ever sent a proper, timely notice of termination of insurance to plaintiff and as to whether there had been any actual lapse in insurance coverage for plaintiff's vehicle. Defendants appeal from the denial of their motion.

■ Special Term's order should be reversed. To the extent that summary judgment was denied on the ground that a proper determination of the complaint requires resolution of the outstanding issues of fact described in plaintiff's opposing papers, a declaratory judgment action was an inappropriate method to review defendants' administrative actions *(see, All-*

*state Ins. Co. v Tax Commn.,* 115 AD2d 831, *affd* 67 NY2d 999). Viewing this matter either as a declaratory judgment action or, more properly, as a CPLR article 78 proceeding to review defendants' determination to suspend plaintiff's registration, plaintiff is precluded from basing her suit on claims that there was in fact no lapse in coverage or that Liberty's notice of termination was improper. The record is devoid of any proof that she submitted evidence at the administrative level to support these claims or that she pursued in any way her administrative remedies to show that she had valid, continuous insurance coverage, as she was invited to do in both defendants' original letter of inquiry and the letter of November 2, 1984 *(see, Old Farm Rd. v Town of New Castle,* 26 NY2d 462, 465; *Matter of Levine v New York State Liq. Auth.,* 23 NY2d 863, 864; *Matter of Fanelli v New York City Conciliation & Appeals Bd.,* 90 AD2d 756, 757, *affd* 58 NY2d 952).

To the extent that the instant action turns on pure matters of law appropriate for disposition in a declaratory judgment action, defendants' motion for summary judgment likewise should have been granted. Initial registration of a vehicle is contingent upon submission of *"proof of financial security * * * evidenced by proof* of insurance" (Vehicle and Traffic Law § 312 [1] [a] [emphasis supplied]). The suspension remains in effect "for a period of time equal to the time from the date of termination of financial security * * * to the date upon which subsequent financial security was obtained" (Vehicle and Traffic Law § 318 [1-a] [a]). Thus, in ordering suspension on the basis of Liberty's notification that the *proof* of insurance was no longer in effect and in extending that suspension for the period during which, on the basis of the available evidence, there was a lapse in coverage, defendants' actions were completely consistent with the statutory framework. Nor do we find any basis whatsoever in the facts pleaded upon which an estoppel can be applied against defendants.

Plaintiff's remaining claim, that Vehicle and Traffic Law § 318 is unconstitutional in denying her an evidentiary, adversarial hearing prior to imposing any suspension of the registration of her vehicle, is equally without merit. Minimal due process requirements of notice and an opportunity to be heard were complied with here, since plaintiff received advance notification of the proposed suspension and the basis therefor and was invited to submit proof of continued, valid coverage

*(see, Mullane v Central Hanover Trust Co.,* 339 US 306, 314). Placing the burden upon the registrant to maintain *proof* of continuous, effective liability insurance coverage as a condition for registration of a vehicle and providing for the sanctions here imposed represents a reasonable, valid method of enforcing the State's strong public policy to bar uninsured vehicles from the public highways *(see, Cosgrove v State of New York, Dept. of Motor Vehicles,* 35 AD2d 549). Given the facts that (1) the issue of the existence of coverage and proper termination thereof is one of relative simplicity, largely determinable on the basis of documentary evidence, (2) a registrant such as plaintiff can be relieved of any suspension imposed for lapse of coverage merely by paying a civil penalty of $4 for each day during which no insurance was in effect (Vehicle and Traffic Law § 318 [1-a] [b]), (3) judicial review is available through a CPLR article 78 proceeding, and (4) the burden and delay in having to hold a full, evidentiary hearing before suspension in every case would largely thwart the strong State policy previously described, we have concluded that the procedures applied here satisfy the requirements of procedural due process *(see, Dixon v Love,* 431 US 105, 113-115; *Mathews v Eldridge,* 424 US 319, 335; *Matter of Economico v Village of Pelham,* 50 NY2d 120, 127-128).

MAIN, J. P., WEISS, MIKOLL and YESAWICH, JR., JJ., concur.

Order reversed, on the law, without costs, motion granted, complaint dismissed and it is declared that Vehicle and Traffic Law § 318 is not unconstitutional as a violation of plaintiff's due process rights.