■ DANIEL WALSH et al., Appellants, v. BUILDING DEPARTMENT OF THE CITY OF NEW YORK et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul a determination of the respondent Board of Standards and Appeals dated April 3, 1973, extending for six months the period in which respondent 12 Ellery Construction Corp. may complete required foundations at 110 Henderson Avenue, Richmond County, and to restrain the respondent Building Department from issuing a full building permit for construction of a structure at the latter site unless the plans and specifications therefor comply with the Zoning Resolution of the City of New York, as amended, effective March 8, 1973, petitioners appeal from a judgment of the Supreme Court, Richmond County, dated November 12, 1973, which, after a nonjury trial at which certain of the facts were stipulated, dismissed the petition and affirmed the determination. Judgment reversed, on the law and the facts, with one bill of costs jointly against respondents appearing separately and filing separate briefs; determination annulled; and petitioners' prayer for relief granted in all respects. Notwithstanding that respondent 12 Ellery Construction Corp. had secured a building permit in November, 1972 for the construction of a nursing home at 200 Lafayette Avenue, Richmond County, its failure to obtain a building permit prior to March 8, 1973, authorizing the construction of a home for adults on the adjacent zoning lot at 110 Henderson Avenue, precluded the respondent board from making the determination at bar (Zoning Resolution of the City of New York, § 11–331). Gulotta, P. J., Hopkins, Martuscello and Latham, JJ., concur.

■ SAMUEL WALTON, Respondent, v. INCORPORATED TOWN OF SMITHTOWN et al., Appellants.— In an action for a declaratory judgment, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered April 4, 1973 after a nonjury trial, which declared a zoning ordinance unconstitutional in its application to the subject portion of plaintiff's property. Judgment reversed, on the law and the facts, with costs, and judgment directed to be entered declaring the ordinance constitutional as applied to the property in question. In our opinion, plaintiff failed to meet his burden of proving that application of the ordinance to the subject premises is arbitrary and unreasonable (Williams v. Town of Oyster Bay, 32 N Y 2d 78). Gulotta, P. J., Latham, Shapiro, Christ and Brennan, JJ., concur.