Stevens, J.
In this action plaintiff originally sought a change of zone from a residential to a business use for 4.271 acres of a larger tract of approximately 17 acres owned by it. Its application was denied. The property is, and, since 1930, has been zoned for residential use. In its complaint plaintiff alleges that the area in which the property is situated has become business and commercial in nature and the land is unfit for residential use. It is also alleged that the present zoning use is an invasion of plaintiff’s legal and constitutional right to own and put the property to its highest and best use, which is business and commercial, and, that it violates the Constitution of the United States and of the State of Few York, and is spot zoning in reverse. Plaintiff in this action seeks a declaration that the zone ordinance, as it affected this parcel, is void and defendants-appellants (defendants) should be perpetually enjoined from enforcing the same.
*471 After trial, Special Term dismissed the complaint holding that plaintiff had “ failed to sustain its burden of establishing that the ordinance, insofar as it affects the subject property, is unconstitutional and void
The Appellate Division found the denial of a zone change to be arbitrary and capricious, applied the principles of Matter of Fulling v. Palumbo (21 N Y 2d 30), made reference to spot zoning, declared the existing zoning unconstitutional as it affects the subject parcel, and reversed the judgment on the law and the facts, with costs.
Matter of Fulling v. Palumbo (supra, p. 32), assuming that its broad rationale is still effective, involved an area variance. The issue was ‘ ‘ whether the Zoning Board of Appeals abused its discretion, as a matter of law, in denying the petitioners’ application for an area variance ”. The court said the basic rule is ‘ * where the property owner will suffer significant economic injury by the application of an area standard ordinance, that standard can be justified only by a showing that the public health, safety and welfare will be served by upholding the application of the standard and denying the variance.” (Matter of Fulling v. Palumbo, supra, p. 33).
The instant case involves not an area but a use restriction. The standard of proof required differs. It is sufficient for an applicant for an area variance “ to show practical difficulties or unnecessary hardship.”, and the change “ ‘ may be granted on the ground of practical difficulties alone, without considering whether or not there is an unnecessary hardship. ’ (Matter of Village of Bronxville v. Francis, 1 A D 2d 236, 238, affd. 1 N Y 2d 839.) ” (Matter of Hoffmon v. Harris, 17 N Y 2d 138, 144; Town Law, § 267, subd. 5).
"Where a change of use is sought the owner may be required to show a singular disadvantage or a special hardship; that is, dollars and cents proof that the property does not yield a reasonable return. The applicant should be required to show “ ‘ (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) that the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood [which may reflect the unreasonableness of the zoning ordinance itself]; and (3) that the use to be authorized by the variance will not alter the essen *472 tial character of the locality ’ (Matter of Otto v. Steinhilber, 282 N. Y. 71, 76) ”. (Matter of Crosssroads Recreation v. Broz, 4 N Y 2d 39, 43; but see Williams v. Town of Oyster Bay, 32 N Y 2d 78, 81, n. 1.) Obviously, one seeking a change of use either by way of variance or rezoning is required to meet a higher standard of proof of hardship.
In this case, plaintiff originally owned approximately 66 acres of land which have been diminished by condemnation, various rezonings and voluntary sales, including sales by plaintiff for the shopping center and present gasoline station on the corner which is referred to in the record. A question could be raised whether one should be allowed to create or aid in creating a condition and then use such condition as the basis for seeking a relief.
Plaintiff asserts this case is similar to Stevens v. Town of Huntington (20 N Y 2d 352). In that case this court (p. 357) said “ the property in question is so totally unadaptable for residential use that the existing ordinance, as applied to it, amounts practically to confiscation ”. This court there found that the owner’s one acre of land, located as it was in a highly commercial area, was not reasonably adapted to residential use, and it was unreasonable to demand that the property use be so continued. Special Term aptly distinguished the two cases.
The proof in this case fails to establish that the subject land cannot yield a reasonable return if used for the purpose allowed in the present zoning regulation. In fact, the testimony of the opposing experts agreed that there was a market for residential property in the area. There was also evidence that the property could profitably be developed for that purpose. While the volume or return on the property if used for. commercial purposes would be greatly increased, a slight or even a significant difference in the amount of profit return does not ipso facto establish confiscation of the property. Plaintiff is entitled to have his property yield a reasonable return. It need not be the most profitable or greatest return. He has the burden of showing that it will not yield such return under the zoned use (Matter of Crossroads Recreation v. Broz, supra, p. 46). Plaintiff has not met that burden.
Nothing in this record warrants classification of the board’s action, as spot zoning, which has been defined as “ the process *473 of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 123.) As there noted “ ‘ spot zoning ’ is the very antithesis of planned zoning. If, therefore, an ordinance is enacted in accordance with a comprehensive zoning plan, it is not * spot zoning,’ even though it (1) singles out and affects but one small plot * * * or (2) creates in the center of a large zone small areas or districts devoted to a different use.” (Rodgers v. Village of Tarrytown, supra., p. 124).
The zoning here was part of a comprehensive plan of long duration designed for the general welfare of the community. Much of the area around plaintiff’s property, save to the west, northwest and southwest, is zoned and developed under the residential zoning classification. Testimony shows that it is both feasible and can be profitable to develop the subject property in accordance with the zoning classification. The value of plaintiff’s property, so developed, would compare favorably with similarly zoned areas in the community and elsewhere in the town. The proof shows that using the property for the allowed purpose would provide a reasonable return.
The Appellate Division held the ordinance unconstitutional as it affects the subject property. We turn now to consideration of that issue.
Article 16 of the Town Law confers upon towns certain powers for zoning and planning. The powers are granted “ [f]or the purpose of promoting the health, safety, morals, or the general welfare of the community ” (Town Law, § 261). “ Such regulations shall be made in accordance with a comprehensive plan ” (Town Law, § 263). When plaintiff purchased the subject parcel in 1927, the area was not subject to any zoning regulations. In 1930, the town adopted a comprehensive “ Building Zone Ordinance ”. Under the zoning ordinance the subject property is presently zoned Residence “A ”, which permits single-family detached dwellings on plots of 6,000 square feet.
There is a presumption of constitutionality applicable to such ordinances. When a regulation is attacked as confiscatory and unconstitutional, it must be shown that by no permissible inter *474 pretation can the regulation as written, or in this instance applied, be justified as a reasonable exercise of the police power. (See Matter of Wulfsohn v. Burden, 241 N. Y. 288.) “ ‘ ‘Upon parties who attack an ordinance * * * rests the burden of showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts. “ If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control.” ’ ” (Rodgers v. Village of Tarrytown, 302 N. Y. 113, 121, supra; Walus v. Millington, 49 Misc 2d 104.) If the action of the board be assailed as arbitrary, the burden is upon him who asserts it to establish the fact. (Stevens v. Town of Huntington, 20 N Y 2d 352, 355, supra.)
As previously noted the subject parcel is reasonably adapted for the present zone use classification. The argument that a much greater profit will result if the land is zoned for commercial or business use does not establish the action to be confiscatory where it plainly appears that residential use permits a reasonable return. (Levitt v. Incorporated Vil. of Sands Point, 6 N Y 2d 269.) The action of defendants in seeking to maintain an area for residential purposes is a proper one. It cannot be said on this record that its action in denying the requested change of use by rezoning is arbitrary or unreasonable, and plaintiff has failed to prove otherwise. In determining the question of reasonableness “ all of the existing circumstances relative to the area involved, the object to be obtained and the necessity, or lack thereof, should be considered.” (Matter of Gilmer v. Fritz, 28 A D 2d 804.)
Plaintiff has failed to carry the burden of showing the statute unconstitutional and the presumption of constitutionality prevails. We hold the statute constitutional as applied here.
The order should be reversed and the judgment of the Supreme Court reinstated, with costs to defendants.
Chief Judge Breitel and Judges Jasen, Jones, Waohtler and Babin concur with Judge Stevens; Judge Gabrielli dissents and votes to affirm on opinion by Justice Frank A. Gulotta at the Appellate Division.
Order reversed, etc.