■ PACIFIC BOULEVARD ASSOCIATES, Respondent, v CITY OF LONG BEACH et al., Appellants.—(And Another Title.) In two consolidated matters, (1) one a proceeding pursuant to CPLR article 78 to compel the Building Commissioner of the City of Long Beach to issue a building permit to petitioner, which was treated by Special Term as an action for a declaratory judgment, and (2) the other an action for a declaratory judgment that two zoning ordinances of defendant City of Long Beach, namely, Nos. 1093/71 and 1184/73, enacted on November 23, 1971 and October 2, 1973, respectively, are unconstitutional as to plaintiff's real property, defendants the City of Long Beach and the City Council of the City of Long Beach appeal from so much of a judgment of the Supreme Court, Nassau County, entered April 24, 1974, as declared said ordinances invalid, null and void as applied to plaintiff's property. Judgment reversed insofar as appealed from, on the law, without costs, and it is declared that said ordinances are constitutional as applied to plaintiff's property. Plaintiff purchased the subject property in August, 1969. The property was then in a zone which permitted six-story apartment buildings. Plaintiff made some preliminary plans to erect such a building. However, a formal application for a building permit was never filed by petitioner and no construction was ever commenced. Thus, no vested rights were thereby acquired. On November 23, 1971, the Zoning Ordinance of the City of Long Beach was amended by the City Council of that city and the zoning classification of the subject property was made Residence "HH" District (Ordinance No. 1093/71). That amendment restricted the use of the subject property to one- and two-family homes and two-story garden apartments. Plaintiff instituted the declaratory judgment action to declare the 1971 ordinance unconstitutional, in that the rezoning of its property to the more restrictive use resulted in a substantial loss of value to the property and constituted an unconstitutional taking of its property. On October 2, 1973, the City Council enacted Ordinance No. 1184/73, which superseded said Ordinance No. 1093/71, with some minor changes, but still prohibited the erection of multifamily buildings in the zone in excess of two stories in height. At the outset of the trial, plaintiff moved to amend the complaint to allege that the 1973 ordinance was also unconstitutional as applied to plaintiff's property. The motion was granted. After the trial, the Special Term ruled that both ordinances were invalid, null and void as applied to plaintiff's property. We disagree. The record indicates that the City of Long

Beach has overwhelming sewage disposal and water supply problems due to antiquated municipal facilities; and that the further construction of high-rise apartment houses would seriously aggravate these problems, as well as existing and related problems of increased traffic, insufficient parking space and excessive population density. This lays a valid base for a zoning change. It has been consistently held that a municipality has the right, pursuant to its police powers, to prevent conditions dangerous to public health and welfare (see, e.g., *Matter of Wulfsohn v Burden,* 241 NY 288; *Shepard v Village of Skaneateles,* 300 NY 115; *Rodgers v Village of Tarrytown,* 302 NY 115). Zoning regulations are an exercise of the police power and "are subject to the fundamental rule regarding the exercise of that power: that there is some evil extant or reasonably to be apprehended which the police power may be invoked to prevent and that the remedy proposed must be generally adapted to that purpose" *(Salamar Bldrs. Corp. v Tuttle,* 29 NY2d 221, 226; see *Matter of Wulfsohn v Burden, supra,* p. 298). Clearly, the dangers of inadequate sewage disposal and water supply systems resulting from antiquated municipal facilities, as well as overcrowding, provided more than adequate reason for passage by the appellant City Council of the zoning ordinances under review herein (see *Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507; *Salamar Bldrs. Corp. v Tuttle, supra).* Plaintiff has failed to meet its burden of "showing that the regulation assailed is not justified under the police power of the state by any reasonable interpretation of the facts" *(Shepard v Village of Skaneateles, supra,* p 118; see, also, *Dauernheim, Inc. v Town Board of Town of Hempstead,* 33 NY2d 468, 474). So too, plaintiff has failed to demonstrate that the ordinances under review were tantamount to a confiscation. No evidence was presented by plaintiff to show that the subject property could not reasonably be used for two-family houses and garden apartments. Defendants' expert, in fact, testified that the subject property would lend itself to use for two-family houses and garden apartments. Accordingly, plaintiff has failed to meet its burden of showing the zoning ordinances under review to be unconstitutional, and the presumption of constitutionality stands *(Salamar Bldrs. Corp. v Tuttle, supra; Williams v Town of Oyster Bay,* 32 NY2d 78, 81; *Dauernheim, Inc. v Town Board of Town of Hempstead, supra).* Consequently, we hold the zoning ordinances under review to be constitutional as applied to plaintiff's property. Rabin, Acting P. J., Latham, Cohalan and Shapiro, JJ., concur; Brennan, J., dissents and votes to affirm, on the authority of *Westwood Forest Estates v Village of South Nyack* (23 NY2d 424).