■ EDMUND D. MANN, Appellant, v JOHN GRENNAN et al., Respondents.—In an action *inter alia* to recover damages for violation of his civil rights, plaintiff appeals (1) (by permission) from an order of the Supreme Court, Suffolk County, dated June 13, 1975, which granted the motion of certain of the defendants to dismiss the amended complaint on the ground that it contains scandalous and irrelevant matter and (2) as limited by his brief, from so much of an order of the same court, dated July 10, 1975, as, upon reargument, adhered to a prior determination which denied his application for police protection. Order of July 10, 1975 affirmed insofar as appealed from, without costs. The circumstances outlined by plaintiff do not fit the requirements set forth in *Schuster v City of New York* (5 NY2d 75) so as to warrant the granting of police protection. Order of June 13, 1975 reversed, without costs, and motion to dismiss the amended complaint denied. The time within which defendants may serve their answer to the amended complaint is extended until 20 days after service upon them of a copy of the order to be made hereon, together with notice of entry thereof. In our opinion, the matters set forth in the voluminous amended complaint may be relevant to plaintiff's allegations of malfeasance, misfeasance and nonfeasance. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.

■ CHARLES ORLANDO et al., Appellants, v TOWN OF OYSTER BAY et al., Respondents.—In an action to declare a certain zoning ordinance confiscatory and unconstitutional, plaintiffs appeal from a judgment of the Supreme Court, Nassau County, entered February 19, 1975, after a nonjury trial, which declared the said ordinance of the Town of Oyster Bay valid and constitutional as applied to plaintiffs' property. Judgment affirmed, with costs. Special Term properly found that plaintiffs failed to meet their burden of proving that application of the ordinance to the subject premises is arbitrary and unreasonable (see *Williams v Town of Oyster Bay,* 32 NY2d 78; *Walton v Incorporated Town of Smithtown,* 43 AD2d 980, affd 37 NY2d 915. Rabin, Acting P. J., Martuscello, Latham, Margett and Shapiro, JJ., concur.