■ In the Matter of GRIMPEL ASSOCIATES, Respondent, v PETER F. COHALAN et al., Constituting the Town Board of the Township of Islip, County of Suffolk, Appellants.—In an action *inter alia* to declare a certain zoning change ineffective as to a portion of plaintiff's property, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered May 1, 1975, which, after a trial, *inter alia,* declared the resolution rezoning plaintiff's property to be unconstitutional in its application to the subject portion of the plaintiff's property. Judgment affirmed, without costs or

disbursements. This zoning dispute involves a 16.2-acre parcel of real estate located in Hauppauge, Town of Islip, Suffolk County. Effective July 9, 1963, plaintiff's predecessor in title, Pellwood Corp., whose principals are plaintiff's copartners, obtained a rezoning of the entire 25-acre parcel of unimproved real estate from a Residence AAA district to a Business II district. In September, 1963, pursuant to a condition contained in the Islip Town Board's resolution granting the rezoning, Pellwood filed a "Declaration of Covenants and Restrictions" in which it covenanted to undergo the expense of installing a system for supplying public water to the premises. The declaration further stated that the improvement to be constructed on the premises must be commenced within eight months and completed within 18 months and that "If not so commenced * * * then, at the option of the Town Board * * * after due Public Hearing, the said real property may be caused to revert to its former zoning classification." Pellwood subsequently constructed a public street, known as Sparton Lane, which divided the property into parcels of approximately 8.2 and 16.2 acres. Over the next several years, Pellwood expended considerable sums in clearing and grading the entire property and in constructing a gasoline service station at the corner of Veterans Memorial Highway. During this time a residential area was developed to the northeast of the subject premises. In 1965 water was brought to the property at a total cost of $29,455, which cost was shared equally by Pellwood and the developer of the residential area. In that year, Pellwood and the Islip Town Board agreed to an amendment of the 1963 declaration of covenants and restrictions, which amendment abrogated the time limits previously set for the commencement and completion of construction; substituted therefor was the requirement that construction on the premises not be commenced later than December 24, 1965 and be completed within 18 months. The amended declaration made no reference to any option held by the town board to cause the reversion of the subject property to its former zoning classification. In October, 1969 the town board passed a resolution eliminating pre-existing time limitations as to commencement and completion of construction. During 1966 Pellwood began construction of a shopping center on the 8.2-acre portion of the parcel north of Sparton Lane and, by 1973, that area had been developed with approximately 19 stores at a cost of about $1,150,000. In addition, in late 1973 plaintiff entered into a lease with the Long Island Trust Co., which lease contemplated the construction by plaintiff of a bank building on the 16.2-acre portion of the subject premises. An application for a building permit was denied by the Town of Islip. After a hearing in December, 1973, the town board unanimously adopted a resolution granting its own motion, brought the previous month, to change the existing Business II classification of the subject parcel to a Residence AA classification, effective February 23, 1974. As a consequence, Pellwood (plaintiff was later substituted for Pellwood) commenced this declaratory judgment action alleging that, by virtue of the zoning change, the value of the subject premises had been drastically impaired without a corresponding public benefit. After the trial, Special Term held that the residential limitation as imposed by the town board was unreasonable and confiscatory and thereby deprived the plaintiff of the only reasonable use of the subject premises.* We agree. Plaintiff met its burden of establishing the invalidity of the zoning ordinance as applied to the subject premises by showing that it was discriminatory in its conception and

---

* Special Term rejected plaintiff's other contention that it had a vested right in the commercial development of the 16.2-acre parcel.

operation and, additionally, that it worked a confiscation of plaintiff's property. Plaintiff's zoning expert testified at the trial that the rezoning, if permitted to stand, would create an inappropriate and completely unjustifiable island, surrounded by business operations and a major highway. Such a use would therefore fly in the face of the original comprehensive plan of 1963, which treated the entire 25 acres as a single entity, zoned solely for business purposes. Since that time, plaintiff and its predecessor have incurred considerable expense in developing the 8.2-acre parcel, which was only separated from the remaining 16.2 acres by the construction, at Pellwood's expense, of Sparton Lane. The town board treated the entire 25-acre parcel as a single entity in its original comprehensive zoning plan and in its subsequent transactions. To now distinguish the two parcels without sufficient basis therefor evidences a discriminatory pattern of treatment which renders the ordinance unconstitutional (see *Udell v Haas,* 21 NY2d 463). Furthermore, plaintiff's real estate appraiser testified that, under the previous Business II classification, the property had a fair market value of $1,280,000, but that the rezoning to Residence AA reduced the fair market value to $104,000 which, in effect, destroyed 92% of its fair market value. This uncontradicted testimony clearly indicates that the property, as rezoned, would not yield a reasonable return and that it was not adapted for any residential use. As a consequence, the property owner is unable to reasonably utilize the property within any of the permitted uses since it would lose most of its value if placed in a Residence AA district. Of course, the landowner's mere economic loss would not, in itself, render the zoning ordinance invalid (see *Chusud Realty Corp. v Village of Kensington,* 22 AD2d 895). Here, plaintiff clearly established that the return from the property would not be reasonable for each and every permitted use under the ordinance (see *Matter of Forrest v Evershed,* 7 NY2d 256) and that no reasonable return could be had from any permitted use (see *Williams v Town of Oyster Bay,* 32 NY2d 78, 82; *Matter of Crossroads Recreation v Broz,* 4 NY2d 39). The diminution in value of the magnitude above-described is tantamount to a confiscation (see *Matter of Golden v Planning Bd. of Town of Ramapo,* 30 NY2d 359) and, if confiscatory, the zoning is void (see *Lutheran Church in Amer. v City of New York,* 35 NY2d 121). Once significant economic injury caused by the application of a use or area standard is shown, the town must demonstrate that the community's gain is sufficient to justify the harsh impact of the ordinance: " 'Where the property owner will suffer significant economic injury by the application of the area standard ordinance, that standard can be justified only by * * * [an affirmative] showing [on the part of the municipality] that the public health, safety and welfare will be served by upholding the application of the standard.' Once it is demonstrated that the restriction serves some legitimate public purpose, the property owner, in order to sustain the attack on constitutional grounds, must further establish that the resulting hardship is such as to deprive him of any use of the property to which it is reasonably adapted, or serves to destroy the greater part of its value *(Matter of Fulling v. Palumbo,* 21 N Y 2d 30, 35, *supra;* see, also *Stevens v. Town of Huntington,* 20 N Y 2d 352, *supra; Summers v. City of Glen Cove,* 17 N Y 2d 307, *supra; Vernon Park Realty v. City of Mount Vernon,* 307 N. Y. 493, *supra; Arverne Bay Constr. Co. v. Thatcher,* 278 N. Y. 222, *supra; Dowsey v. Village of Kensington,* 257 N. Y. 221, *supra).* The question, in this latter regard, is essentially one of degree and where the ordinance goes so far as to preclude the use of the property for any purpose to which it is reasonably adapted, it is confiscatory and must be held unconstitutional" *(Salamar Bldg. Corp. v*

*Tuttle,* 29 NY2d 221, 226). The town board failed to present sufficient proof that the reclassification served some legitimate public purpose which justified the harsh impact on the individual property owner. Thus, the change of value to such degree, without a corresponding public benefit, amounts to a confiscation and, as such, is unconstitutional. Hopkins, Acting P. J., Margett and Shapiro, JJ., concur; Latham and Christ, JJ., dissent and vote to reverse and grant judgment in favor of defendants, declaring the ordinance constitutional as applied to the property in question, with the following memorandum: Plaintiff owns approximately 25 acres of real estate located on the north side of the Veterans Memorial Highway in Hauppauge (Town of Islip), New York. The property is presently divided by a public street. One of the resultant parcels, about 8.2 acres in size, had been developed as a shopping center; the remaining 16.2-acre parcel is the subject of this litigation. In 1963 plaintiff's predecessor in title made application to rezone the then unimproved 25-acre parcel from a Residence AAA district to a Business II district, and the application was granted. However, development of the shopping center on the 8.2-acre portion of the premises did not occur until the early 1970's. In the meantime, a residential ·subdivision, consisting of single-family homes on 20,000 square-foot plots, was built on property adjacent to that owned by plaintiff. The record indicates other substantial residential development in the immediate area of plaintiff's property as well. In January, 1974, after a public hearing, the town board rezoned the undeveloped 16.2-acre subject premises to Residence AA, a classification permitting uses similar to those permitted under the original Residence AAA category. Plaintiff now seeks to have the town board's action declared confiscatory and unconstitutional. In our judgment, plaintiff has failed to meet its burden of proving that the application of the ordinance to the subject premises is arbitrary, unreasonable or confiscatory (see *Williams v Town of Oyster Bay,* 32 NY2d 78; *Walton v Incorporated Town of Smithtown,* 37 NY2d 915, affg 43 AD2d 980). As pointed out by the Court of Appeals in *Williams v Town of Oyster Bay (supra),* the considerations for determining the constitutionality of a zoning ordinance as applied to a particular owner's property are much the same as those prescribed for the grant or denial of a variance. In brief, it must be demonstrated that the land in question cannot yield a reasonable return if used only for a purpose permitted under the prevailing zoning classification and that the essential character of the neighborhood will not be significantly altered by the zoning which the plaintiff seeks. In the case at bar, plaintiff's proof on both points is far from persuasive. Although there was evidence that the estimated values of the property differed significantly, depending upon whether it was zoned for business or for residential purposes, there was a complete absence of proof that the property would not yield a reasonable return under any of the various permitted uses in the Residence AA category (cf. *Matter of Jordan v Town Bd. of Town of Islip,* 48 AD2d 926). Plaintiff, on whom the burden rests in this matter, has made no attempt to show that the use or sale of its property for one of the many permitted uses, other than for one-family dwellings, would not be "both possible and economically practicable" *(Williams v Town of Oyster Bay, supra,* p 83). As stated in *Matter of Crossroads Recreation v Broz,* (4 NY2d 39, 46), the "only pertinent inquiry is whether the present allowed use is yielding a *reasonable* return. That it may not be the *most* profitable use is immaterial" (emphasis in original). (See, also, *Matter of 113 Hillside Ave. Corp. v Zaino,* 27 NY2d 258, 263; *Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468, 472.) Where, as here, the zoning classification is a generally sensible one, even a

significant reduction in value will not provide a sufficient basis for the conclusion that the zoning ordinance is unconstitutional and confiscatory (see 1 Anderson, New York Zoning Law and Practice [2d ed], pp 61 *et seq.).* On the question of the character of the neighborhood, the record establishes that much of the area immediately surrounding the subject premises is presently zoned for residential use. With the exception of the shopping center located on the 8.2-acre parcel and a gasoline filling station some distance away, the neighborhood appears to be heavily residential. Furthermore, the record also discloses a surfeit of commercial zoning and development within reasonable distance of the subject parcel sufficient to support a much larger residential population than currently inhabits the area. This finding is bolstered by the fact that from 1963, when the subject property was first zoned for business use, through 1974, when the town board rezoned the premises to a residential classification, plaintiff and its predecessor failed to develop the property for any of the permitted commercial uses. Under all the circumstances herein, the 1974 rezoning to residential use was reasonable and sensible and, far from working an unconstitutional confiscation of the property, represented a valid exercise of the town board's police power (see *Dauernheim, Inc. v Town Bd. of Town of Hempstead, supra;* see, also, *Ilasi v City of Long Beach,* 38 NY2d 383).