OPINION OF THE COURT
Henry J. Kalinowski, J.
The defendants are charge under separate informations; defendant Gulf Oil Corp., is accused in Count I, of violating section 70-222A of the Building Zone Ordinance of the Town of North Hempstead, and under Count II with a violation of section 70-208E of said ordinance.
Defendant Garden City Smoke Stax, Ltd., is charged with four counts, with each count separately charging a violation of sections 70-208M, 70-220A, 70-222A and 70-208E of the aforementioned code.
On consent of all parties the above matters were consolidated for purposes of trial.
The alleged violations pertain to premises located at the northwest corner of Jericho Turnpike and Herricks Road, in the unincorporated hamlet of Garden City Park, New York and are described on the Nassau County Land and Tax Map as Section 9, Block 912, Lot 31.
It is undisputed that the premises is subject to the aforementioned ordinance, and that the said premises was and is located in a Business "A” district.
The defendant Gulf Oil Corp. is the owner of said premises and the defendant Smoke Stax a lessee of a portion thereof.
The alleged violated sections of the said ordinance read as follows:
Section 70-208E. "No building or premises shall be used or occupied hereafter as a public garage, motor vehicle repair shop or service station, for supplying to motor vehicle or other similiar operated means of transportation, gasoline or other oil or liquid that will generate an inflammable vapor at ordinary temperatures, unless it is used for that purpose only or* in connection with a building occupied exclusively as a public garage, motor vehicle repair shop, service station or automobile showroom, or has been heretofore legally used for such purpose.”
Section 70-208M. "No non-conforming building shall be extended, altered, enlarged, replaced or moved except in conformity with the provisions of this ordinance.”
Section 70-220A. "It shall be unlawful for any person to *109 commence work for the erection or alteration of, or erect, alter or maintain any building or structure or use any lot or premises for any purpose for which a permit is required until a building or use permit has been duly issued upon application therefor.”
Section 70-222A. "It shall be unlawful to use or permit the use of any building or premises or part thereof hereafter created, erected, changed or converted wholly or partly in its use of structure until a certificate of occupancy shall have been issued by the Building Official to the effect that the building or premises or part thereof so created, erected, changed or converted and the proposed use thereof conforms to the provisions of this ordinance. In the case of such buildings or premises it shall be the duty of the Building Official to issue a certificate of occupancy within a reasonable time after a request for the same shall have been filed in his office by any owner of a building or premises effected by this ordinance, provided said building or premises or the part thereof so created, erected, changed or converted and the proposed use thereof conform with all the requirements herein set forth.”
On or about July 13, 1960, the Board of Zoning Appeals of the Town of North Hempstead granted Gulf Oil, as owner, a variance, "permitting erection of a new gasoline service station, replacing old buildings * * * in accordance with building plans as filed”. The existing buildings which were to be demolished were nonconforming. A building permit to construct a new service station was issued, in conjunction with filed building plans, a temporary certificate of occupancy issued, followed by a certificate of occupancy in February, 1962.
In 1974, defendant Gulf Oil made an application to the Board of Zoning Appeals for a variance to alter the building. The variance was granted, a building permit issued on submitted plans and a certificate of completion was issued.
The construction completed in 1962 created a three-bay building with an adjoining sales room and to the rear of the latter, a storage area and bathroom facilities.
The application in 1974 dealt mainly with the remodeling of the exterior of the building.
In the months of November and December, 1975, without obtaining either a variance or a building permit the three-bay service area of said building was converted into a retail shop, *110 and is occupied by the defendant Smoke Stax. Said store sells cigars, cigarettes, tobacco products, magazines and candy.
The conversion entailed the removal of the hydraulic car lifts, replacing the overhead bay doors with a new store front by installing concrete blocks, a large swing-type door, and large glass windows on both sides of the door. Electrical wiring and fixtures were added, plumbing altered, new wall paneling installed, and a door and frame connecting the gas station with the retail store was closed off by laying brick in said opening.
On or about December 11, 1975, the defendant Garden City Smoke Stax, Ltd., began its operation of the retail store.
The purpose of requiring building permits where there is a major alteration (as distinguished from ordinary repairs) to a building or structure is to insure that such modifications comply with the local zoning, building and safety regulations. Contrary to the position of the township the defendants state that the Town Zoning Code (§ 70-208M) only applies to nonconforming buildings and since the building under consideration was both built and used under a granted variance, section 208M does not apply and therefore it may be altered without regard to limitations placed on "non-conforming” buildings.
It is further contended by defendants that there is no violation of section 220A as the building was not "altered” within the meaning of said word as defined in the Town Code, section 70-231, which reads as follows: "As applied to a building or structure, the change or re-arrangement of the structural parts or any enlargement, whether by extending on any side or by increasing in height, or by moving from one location to another. It does not include ordinary repairs to buildings or structures.”
 The fact that the existing building was constructed pursuant to a variance does not remove the element of nonconformity as to "use”. The building itself may now nonconform to the building codes and be a lawful structure, but the variance as to "use” gives only a blessing of lawful conformity. To hold otherwise would be tantamount to giving the board of zoning appeals legislative powers, which are reserved to the town board.
The Court of Appeals in Matter of 440 East 102nd St. Corp. v Murdock (285 NY 298, 308) defined when a building is "structurally altered”, stating, "a building is 'enlarged, extended, reconstructed or structurally altered’ [emphasis sup *111 plied] within the meaning of a zoning resolution only where there is a change or substitution in a substantial particular in the structure of the building itself or in one of its parts or by the addition of another structure to it so that there is an effective conversion of an existing building into a different structure”.
Decisional law must be read together with existing laws and the latter interpreted in light of the precedent. Its interpretation is binding on all parties.
Under the above definition it may at times be difficult to conclude what in fact is an alteration, however it is obvious that it embraces more than exterior or load bearing walls, and where as here, a bare, skeleton like bay area is transformed into a retail shop, which necessitated a new store front, electrical wiring, plumbing changes and the like, there was, "an effective conversion of an existing building into a different structure,” and both a variance and a building permit were required.
It was held, in Matter of Clearview Gardens Pool Club v Foley (19 AD2d 905) that, "prior variance grants could not and did not take from the owner of the property his statutory right to use the property for any purpose permitted by the applicable zoning resolution * * *. The owner retained the right to revert at any time to a conforming use.”
The township does not dispute this general premise, but states that as a result of the conversion from a three-bay service area to a retail store a certificate of occupancy was required as per section 70-222A of the code.
A certificate of occupancy certifies that the construction or alteration has been performed in accordance with the building permit. (2 Rathkopf, Law of Zoning and Planning [3d ed], § 7, pp 55-20.)
Further, even a lawful use must meet certain requirements, and it is through the certificate of occupancy that enforcement of zoning conditions and limitations is accomplished.
Section 70-208E prohibits cross-merchandizing in a building or premises used or occupied as a public garage, motor vehicle repair shop, or a service station.
It is well settled that a properly enacted ordinance is presumed to be constitutional and valid. This presumption is rebuttable; however the burden of proving that the ordinance is not justified under the police powers of the municipality by *112 any reasonable interpretation of the facts is upon the party challenging its validity. (Rodgers v Village of Tarrytown, 302 NY 115; Dauernheim, Inc. v Town Bd. of Town of Hempstead, 33 NY2d 468.)
This record is completely barren of any documentary or testimonial evidence supporting a finding of unconstitutionality.
Section 70-235 of the North Hempstead Zoning Code sets forth the penalties for offenses and states that among others, an owner and lessee are chargeable with an offense where a violation has been committed or exists in all or part of the premises and such person or persons knowingly commits, takes part in, allows or assists in such violation.
The evidence is clear that both defendants fall into the stated category. Accordingly both defendants are found guilty of all counts in their respective informations.
Counsel are requested to appear before this court on June 23, 1977, at 10:00 a.m., Part II, East Wing building, Mineóla, New York, to be heard on the question of sentence.