■ ANTICAL CHEMICALS, INC. et al., Respondents, v WESTINGHOUSE SECURITY SYSTEMS, INC., et al., Appellants, et al., Defendant. (Appeal No. 2.) — Order unanimously affirmed, without costs. Same memorandum as in *Antical Chems. v Westinghouse Security Systems* (Appeal No. 1) (86 AD2d 768). (Appeal from order of Supreme Court, Monroe County, Mastrella, J. — extension of time to serve amended complaint.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.

■ In the Matter of DENNIS L. REPKA, Respondent, v KENNETH J. MEYERS, Constituting the Town Board of the Town of Cheektowaga, et al., Appellants. — Judgment unanimously reversed and petition dismissed, without costs. Memorandum: Petitioner, a lawyer, seeks to have his property rezoned from residential to restricted business in order to utilize a portion of the duplex for a law office. He maintains that the refusal of the town board to grant his application was unreasonable, arbitrary and capricious and caused significant economic injury. Since petitioner's application for rezoning included a claim that the existing legislation was unconstitutional, Special Term properly converted the CPLR article 78 proceeding into a declaratory judgment action (see *Peekskill Suburbs v Morabito,* 74 AD2d 843, affd 51 NY2d 941). However, the court was without authority to annul respondent's determination denying petitioner's application for rezoning, and to direct respondent town board to legislate a change in the zoning ordinance. Moreover, plaintiff has not shown that the ordinance as it presently affects his property is unconstitutional. As the court said in *McGowan v Cohalan* (41 NY2d 434, 436): "Zoning classifications, like other legislative programs, are clothed with a presumption of constitutional legitimacy. (*Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468, 473.) Consequently, the party challenging a particular classification bears a heavy burden of proof. As we observed in *Dauernheim, Inc. v Town Bd. of Town of Hempstead (supra,* at pp 473-474), '[w]hen a [zoning] regulation is attacked as confiscatory and unconstitutional, it must be shown that by no permissible interpretation can the regulation as written, or in this instance applied, be justified as a reasonable exercise of the police power.' The property owner must show more than that the current zoning classification has caused a significant diminution in value, or that a substantially higher value could be obtained if an alternative use is permitted. Rather, the proper test is whether the owner can presently receive a reasonable return on his property. To succeed with a constitutional challenge, the owner must 'establish that no reasonable return may be had from any permitted use.'" (Appeal from judgment of Erie Supreme Court, Green, J. — art 78.) Present — Simons, J. P., Callahan, Denman, Moule and Schnepp, JJ.