In the Matter of MANDALAY CONSTRUCTION, INC., Respondent, against CHARLES ECCLESTON et al., Constituting the Board of Zoning Appeals of the Incorporated Village of Massapequa Park, Appellants.— Proceeding pursuant to article 78 of the Civil Practice Act to review a determination of the Board of Zoning Appeals of the Incorporated Village of Massapequa Park which denied an application for an area variance and denied an appeal from the refusal of the Chief Building Inspector of said village to issue a building permit. The appeal is from an order which annulled the determination and directed the issuance of an appropriate variance, if necessary, and a building permit upon the submission of building plans in accordance with the village building code. Order unanimously affirmed, with costs. Since August 20, 1931 title to the parcel of land in question has been in an owner who did not own any other land contiguous to it. The parcel has a frontage of 42.18 feet on a village street and an area of more than 4,000 square feet. After the commencement of the said period of ownership of the parcel as such unit, and on October 29, 1931, the village zoning ordinance was enacted, placing the premises in a residential zone in which the minimum requirements for construction of a dwelling were that the plot have an area of at least 4,000 square feet and a frontage of at least 40 feet. Still later, and on June 29, 1937, the ordinance was amended so as to require an area of at least 6,000 square feet and an average frontage of at least 60 feet. Another provision of the 1937 amendment exempted from these requirements a plot of average width of not less than 40 feet if the plot had been "in separate ownership at the time of the passage of this Ordinance". However, this exemption provision was repealed on January 26, 1959. The Chief Building Inspector refused to issue a permit, on respondent's subsequent application, to construct a dwelling on the premises for the reason that the plot did not have an area of 6,000 square feet nor a frontage of 60 feet, and the Board of Appeals refused to grant respondent relief. In our opinion, the said area and frontage requirements constituted an unconstitutional deprivation of property, and accordingly respondent, a contract vendee of the premises, was entitled to an appropriate building permit, even without the granting of a variance (*Matter of Waldorf* v. *Coffey,* 5 Misc 2d 80; see, also, *Matter of Long Is. Land Research Bureau* v. *Young,* 7 Misc 2d 469; *Matter of Macchia* v. *Board of Appeals of Inc. Vil. of Kings Point,* 7 Misc 2d 763; cf. *Matter of Richards* v. *Zoning Bd. of Appeals of Vil. of Malverne,* 285 App. Div. 287; *Matter of Fleming* v. *Choate,* 8 A D 2d 969). Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.