■ In the Matter of JEANNETTE M. NICHOL et al., Respondents, v. PLANNING BOARD OF THE VILLAGE OF MANLIUS et al., Appellants Memorandum: Respondents below appeal from a judgment of Onondaga Special Term which ordered them to approve petitioner Sarkin's application for a permit to build a 10-living

unit apartment building in the R 2 zone of the Village of Manlius. When the application was made (April 18, 1966) and when it was first considered by the Planning Board (April 25, 1966) construction of such a building was permitted. Thereafter, on May 10, 1966, while the application was pending, a petition was presented to the Village Board to rezone the area. After a public hearing on June 7, 1966 and after consideration by the Planning Board, the Village Board, on June 14, 1966, amended the zoning ordinance so as to limit use for apartment buildings in the R 2 zone to those having capacity for three families or less. In the meantime, the Planning Board had found petitioner Sarkin's application deficient and notified him of the deficiencies therein on April 28, 1966. Further data were submitted to the Planning Board on May 9, 1966 and on May 18, 1966 the Planning Board notified petitioner Sarkin that his application and site development plan were still incomplete and that three specified items were still lacking. Such items were supplied or explained by petitioner Sarkin's surveyor on July 6, 1966 after the zoning ordinance had been amended on June 14, 1966. The petition herein was served on June 5, 1966, before the information requested by the Planning Board on May 18, 1966 had been supplied and before the zoning ordinance had been amended. It alleged that petitioner Sarkin complied with all requirements of the application for a building permit and that the Planning Board and Village Board acted unreasonably in refusing to act upon the application for a building permit and that the Planning Board exceeded its authority by devising trivial excuses for failure to act and by refusing to make a recommendation on the basis of all the material furnished by petitioner Sarkin. Petitioners demanded judgment that the Village Board be required to act upon the application and issue the building permit. Special Term in granting petitioners' requested relief found that the information supplied by Sarkin as of May 9, 1966 substantially complied with the requirements of the village ordinance; that as of that date Sarkin was entitled to a permit and a recommendation by the Planning Board; that had the Planning Board submitted its recommendation to the Village Board the Village Board could have acted prior to June 14, 1966, the date the ordinance was amended. In our opinion Sarkin did not submit all the information required by the zoning ordinance and the Planning Board was justified in asking for the additional facts specified in the letter to him dated May 18, 1966. The ordinance required the applicant to supply all additional material as required by the Planning Board and provided: "The Planning Board, after determining that all requirements of this section of the Zoning Ordinance dealing with the Site Development Plan have been met, shall recommend that the Village Board approve or disapprove the Site Development Plan." On May 18, 1966 all such requirements had not been met. The name and address of the owner of premises were not stated on the application as required by it. The topographic survey did not show the location of the swamp which the Planning Board members had observed on the premises, as required by subdivision (f) of the Existing Conditions Data of the ordinance, and the topographic survey map did not indicate whether the contour lines were for existing elevations or for proposed grading of the site or a combination of both. The unexplained contour lines and deed references on the map did not satisfy the requirements of the zoning ordinance. A prompt response might have given the requested information but no answer was given by or on behalf of the petitioners until July 6, 1966, some six weeks after it had been requested. Any delay in action on Sarkin's application resulted from his own neglect. Special Term in arriving at its decision invoked the rule of *Matter of Dubow* v. *Ross* (254 App. Div. 706, 707): "If it be found that the public officials charged with the duty of issuing permits willfully withheld

and refused to issue one to petitioner, and, in addition, mislead and hindered him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have conducted the business so as to acquire a vested right prior to the amendment of the zoning ordinance, we are of the opinion that he would be entitled to relief which he seeks." Petitioners failed to prove either willful delay or that by prompt action they could have obtained any vested rights. (Appeal from judgment of Onondaga Special Term compelling respondents to consider application for a building permit.) Present — Williams, P. J., Henry, Del Vecchio and Marsh, JJ.