## (December 13, 1973)

■ In the Matter of DOMINICK TANTALO, Appellant, v. ZONING BOARD OF APPEALS OF THE TOWN OF SENECA FALLS et al., Respondents.— Judgment unanimously reversed, without costs, and matter remitted to the Zoning Board of Appeals for further proceeding in accordance with the following memorandum: On the ground that adjoining property was being used as a landfill and dump, respondent Smith, who had contracted to sell his 50-plus acres of farm land to respondent Klionsky on condition that a variance be obtained for special use of the property, applied for a variance to permit its use as a landfill and dump; and after a hearing thereon respondent Zoning Board of Appeals granted the variance. It appears that in 1955 respondent Smith acquired this property (then part of a 110-acre farm) and used it for a few years for farming purposes. Under a contract with one of Smith's neighbors, respondent Klionsky began using the neighbor's land for a landfill and dump. That contract extends through 1974 with a one-year renewal provision. In 1967 Smith sold about 60 acres from his farm to a canning company. In 1969 the town enacted a zoning ordinance placing Smith's remaining 50-plus acres in an A-1 (Agricultural) zone. In 1972 Smith contracted to sell this remaining farm acreage to respondent Klionsky, the contract being subject to the condition that a variance be obtained for use of the property for landfill and dump purposes. In granting the variance the Zoning Board of Appeals recognized that the land was

suitable for farming but agreed with Smith that odor and flies from the adjoining dump made it unsuitable for continued use for farming, and stated that its proposed use as a dump was subject to the County and State Departments of Health and Conservation. The resolution of the Zoning Board of Appeals granting the variance concluded with the sentence, "The Zoning Ordinance and the Zoning Map of the Town of Seneca Falls shall be amended accordingly". The official notice of the grant of the variance issued by the Town Clerk, "By order of Board of Zoning Appeals, Town of Seneca Falls, New York", concludes with the following words, "amending, altering and changing the Zoning Ordinance and the Zoning Map of said Town of Seneca Falls accordingly". The Zoning Board of Appeals, of course, had no authority to amend the zoning ordinance — that is a legislative function for the Town Board; and the hearing held by the Zoning Board of Appeals was only with respect to the grant of a variance. The parties agreed that the principles set forth in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71, 76) govern this case. The first of these principles is that in order to obtain a variance on the ground of an unnecessary hardship an applicant must show that his land cannot yield a reasonable return if used only for a purpose allowed in that zone. The evidence submitted by respondent Smith in this respect is that since 1967 his property could not be used as farm land because of odor, flies and smoke from the adjoining dump, and that throughout this period he has held his property out for sale, orally, without result. Respondent's bald statement that he was unable to sell or rent his land for other use was not supported by the required evidence of efforts made by him to this end (see *Williams* v. *Town of Oyster Bay*, 32 N Y 2d 78; *Matter of Forrest* v. *Evershed*, 7 N Y 2d 256, 261–262; *Matter of Crossroads Recreation* v. *Broz*, 4 N Y 2d 39, 44–45; *Matter of Taxpayers' Assn. of South East Oceanside* v. *Board of Zoning Appeals of Town of Hempstead*, 301 N. Y. 215, 218; *Matter of Gerling* v. *Board of Zoning Appeals*, 6 A D 2d 247; *Matter of Hagar* v. *Stokna*, 28 Misc 2d 522; *Matter of Chad Homes* v. *Board of Appeals of City of Rochester*, 5 Misc 2d 20). Although respondent did not show that his circumstances were unique in relation to other owners in the area, we note that a sufficient showing of financial hardship may nevertheless entitle him to relief (see *Matter of Jayne Estates* v. *Raynor*, 22 N Y 2d 417, 425). Respondent should be given an opportunity to present additional evidence to the Zoning Board of Appeals to establish, if he can, that he is entitled to the variance which he seeks. (Appeal from judgment of Seneca Special Term in article 78 proceeding to annul variance.) Present — Del Vecchio, J. P., Marsh, Witmer, Cardamone and Henry, JJ.