In the Matter of JAMES A. MOORE et al., Appellants, v. EDWARD K. NOWAKOWSKI et al., Constituting the Board of Zoning Appeals of the City of Syracuse, et al., Respondents.— Judgment unanimously reversed, without costs, and matter remitted to the Zoning Board of Appeals for further proceedings in accordance with the following memorandum: Special Term confirmed the unanimous determination of the respondent Board of Zoning Appeals of Syracuse which granted to respondent Catholic Charities its application for a use variance. The premises located at 431 Allen Street in Syracuse were purchased by the First United Methodist Church of Syracuse in 1923 and used as a parsonage until 1972 when, for economic reasons, it decided to sell the property and listed it with a real estate broker who later placed it in a multiple listing. The asking price was $21,500. No offer was received and a for sale sign was placed on the premises. Again no offer was received until 1973 when respondent Catholic Charities made an offer of $17,000 conditioned upon the granting of a variance by the board, so that Catholic Charities could use the premises as a "group home" for not more than 10 juveniles and two house parents. The property in question is located in Residential District, A-1 Zone, which classification does not permit a group home. After Catholic Charities was denied a permit by the city's Bureau of Safety Inspection to use such premises as a "group home", it applied for a variance to the Zoning Board of Appeals which after a public hearing held on July 12, 1973, at which testimony was taken, granted the variance. Petitioner Moore and other petitioner owners of property in proximity to 431 Allen Street have appealed. The property is a two-story dwelling containing 3,200 square feet of living area situated on a lot 57 feet by 125 feet. The full assessed value of the property is in excess of $24,000. The respondent board's conclusion that the property cannot yield a reasonable return if used only for a permitted purpose was based upon evidence of the owner's unsuccessful efforts to sell the property. There is no question that proof that the property cannot be sold for any permitted use is evidence that the land will not yield a reasonable return if its use is confined to permitted uses (1 Anderson, New York Zoning Law and Practice [2d ed.], § 18.13). The owner's efforts to sell must in fact be diligent and bona fide. · A mere setting forth at a public hearing of the various uses permitted followed by a statement that they were economically unfeasible does not justify a finding by the board that there could be no reasonable return from the property as to any of the uses permitted. Concededly the principles set forth in *Matter of Otto* v. *Steinhilber* (282 N. Y. 71) govern this case. The first requirement in that case, that the land in question cannot yield a reasonable return if used only for a purpose permitted in that zone, is one that must be demonstrated on the record by "dollars and cents" proof (*Matter of Forrest* v. *Evershed*, 7 N Y 2d 256; see *Williams* v. *Town of Oyster Bay*, 32 N Y 2d 78). The law was succinctly stated in *Matter of Forrest* v. *Evershed* (p. 262): "This court has consistently held that a mere showing of a present loss is not enough. In order to establish a lack of 'reasonable return', the applicant must demonstrate that the return from the property would not be reasonable for each and every permitted

use under the ordinance [citations omitted]. The present loss and any projected losses attributable to an alternative use must be demonstrated by some 'dollars and cents' proof [citation omitted]. Upon the record in the instant proceeding, the intervenors did not even suggest that they had explored the possibility of utilizing the property for a parking lot, a parish house or residence in connection with the adjoining synagogue, for a professional office as part of a dwelling, for a greenhouse, plant nursery, playground or library — all permissible E Residential uses under the ordinance — or establish that the alternative uses were economically impracticable." In applying another of its standards the board concluded that since the dwellings in the area were often used to house large families and since the variance would allow the applicant to improve the premises and bring it into compliance with housing codes, the granting of the variance would not alter the general character of the neighborhood, nor be contrary to the public interest. The board also concluded that the property was subject to exceptional or extraordinary circumstances not applying generally to property within the zone. Specifically the board found that the property is close to a transitional zone and that the property is assessed higher than comparable properties on the street. However, the record shows that neighboring properties share the same proximity to a transitional zone. Further, were the property not exempt because its present owner was using it for religious purposes, an effort could be made to reduce the assessment. The board's conclusion regarding "uniqueness" is, therefore, not fully supported by the record. However, if there is the requisite showing of financial hardship and compatibility of the proposed use with existing uses, the variance should be granted even in the absence of unique circumstances (*Matter of Jayne Estates* v. *Raynor*, 22 N Y 2d 417). We have concluded that this record does not contain sufficient evidence of "dollars and cents" proof of economic hardship. However, the respondent Catholic Charities should be given an opportunity to present additional evidence to the respondent Zoning Board of Appeals to establish, if it can, that it is entitled to the variance which it seeks (*Matter of Tantalo* v. *Zoning Board of Appeals of the Town of Seneca Falls*, 43 A D 2d 793). (Appeal from judgment of Onondaga Special Term dismissing article 78 proceeding.) Present — Witmer, J. P., Moule, Cardamone, Mahoney and Goldman, JJ.