■ WILLIAM H. WACKERMAN, Doing Business as DOMUS HOMES, et al., Respondents, v TOWN OF PENFIELD et al., Appellants.—Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for further proceedings in accordance with the following memorandum: Plaintiffs sought a declaratory judgment establishing that the Zoning Ordinance of the Town of Penfield was unconstitutional insofar as it restricted development of their six plus or minus acres of land to single-family residential, church, school, agricultural or public uses. The trial court found that the property could not be economically developed for single-family residences, that the ordinance was therefore confiscatory and that the town board should have rezoned the property to permit the proposed multiple-family use. The rule is that an ordinance will not be held confiscatory unless the land in question cannot yield a reasonable return if used only for the purposes allowed in the zone *(Williams v Town of Oyster Bay,* 32 NY2d 78). That requires proof not only that residential development is unfeasible but that use of the property is not economically practical for any of the permitted uses *(Matter of Forrest v Evershed,* 7 NY2d 256, 262; *Matter of Moore v Nowakowski,* 44 AD2d 901; *Matter of Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls,* 43 AD2d 793). The burden of proof throughout the case rests upon the party attacking the ordinance to show that the use restrictions are confiscatory. *(Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468, 471; see, also, *Williams v Town of Oyster Bay,* 32 NY2d 78, 81; cf. *Matter of Fulling v Palumbo,* 21 NY2d 30). There is ample evidence in the record that this property cannot be developed economically for single-family residences. However, the appeal must be remitted to establish if the property may be developed for any of the other uses permitted in the district. That evidence should establish what efforts were made to use or sell the property for those purposes and whether such uses are "economically impracticable" *(Matter of Moore v Nowakowski, supra).* (Appeal from judgment of Monroe Trial Term in declaratory judgment action for rezoning.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Witmer, JJ.