Gabrielli, J.
On this appeal, we are asked to determine whether the rezoning of plaintiffs property from a business to residential category results in an unconstitutional exercise of the police power in contravention of the due process clauses of the Federal and State Constitutions (US Const, 14th Amdt, § 1; NY Const, art I, § 6).
In 1963, Pellwood Corporation, plaintiffs predecessor in title, whose principals are plaintiffs copartners, obtained the rezoning of a 25 acre parcel which it owned in the Town of *432 Islip, from a "Residence AAA” district to a "Business II” district. Pellwood constructed a public street, known as Spartan Lane, which divided the property into an 8.2 acre parcel and the subject 16.2 acre parcel. In addition, Pellwood Corporation expended substantial funds in clearing, grading and bringing water to the property; and a large gasoline station was erected on the corner of Veterans Memorial Highway contiguous to the subject 16.2 acre parcel. There existed a residential area to the north of the parcel. In 1966 Pellwood commenced the construction of a shopping center on the 8.2 acre parcel. By 1973, the area had been developed with approximately 19 stores at a cost of $1,150,000. In late 1973 plaintiff entered into a lease with the Long Island Trust Company which provided for the construction by plaintiff of a bank building on the 16.2 acre parcel, but an application for a building permit was denied by the town.
Following a hearing in December, 1973, the town board unanimously adopted a resolution upon its own motion and changed the existing "Business II” classification of the 16.2 acre parcel to a "Residence AA” classification. Consequently, Pellwood (for which plaintiff was later substituted), commenced this declaratory judgment action. Special Term, following a nonjury trial, found that the residential classification imposed by the town was unreasonable and confiscatory, and the Appellate Division, by a divided court, affirmed the findings and determination of Special Term.
In order to establish that a zoning restriction amounts to an unconstitutional exercise of the police power as applied to particular real estate, the owner must demonstrate that the zoning restrictions deprived the owner of all reasonable use of the property (Matter of National Merritt v Weist, 41 NY2d 438, 445 French Investing Co. v City of New York, 39 NY2d 587, 596; Williams v Town of Oyster Bay, 32 NY2d 78, 81; Arverne Bay Constr. Co. v Thatcher, 278 NY 222, 226-227). In the context of such a constitutional challenge, the standards relating to area variances articulated in Matter of Fulling v Palumbo, (21 NY2d 30) are inapplicable (see Matter of National Merritt v Weist, supra, p 446).
In this case we are presented with affirmed findings of fact that the subject property was not suitable for residential use because the residential zoning classification would create an "inappropriate and unjustifiable island” surrounded by business operations and major vehicular thoroughfares. Plaintiff’s *433 planning expert testified, and it was found below, that the subject property was located in an "interchange impact area” created by the proximity of three heavily trafficked highways, Veterans Memorial Highway, Motor Parkway and the Long Island Expressway; and that this condition contributed to the impracticality of residential use of the property. We have in the past recognized that traffic conditions may contribute to the unsuitability of property for residential developemnt (see Stevens v Town of Huntington, 20 NY2d 352, 356; Summers v City of Glen Cove, 17 NY2d 307, 308-309). Additionally, there was proof that the rezoning resulted in a 92% diminution in the value of the property. While not itself dispositive of the constitutional issue, proof of a drastic reduction in value tends to establish that the property is not reasonably suited for the uses prescribed by the zoning ordinance (see Stevens v Town of Huntington, supra, p 357; Levitt v Incorporated Vil. of Sands Point, 6 NY2d 269, 273; Matter of Wulfsohn v Burden, 241 NY 288, 302; 1 Anderson, NY Zoning Law and Practice, § 2.14). It should also be noted that plaintiff’s expert testified that the business use of the subject parcel would not have a deleterious effect upon the residential properties to the north because of a buffer zone created by foliage and a vertical separation of up to 30 feet between the residential area and the subject property.
It was not incumbent upon plaintiff to prove that its property was not suitable for various public or quasi-public uses permitted by the residential zoning classification such as church, school, college, public library, municipal building or municipal park. To confine private property to public uses alone amounts to an appropriation of property rights for the benefit of the public without compensation therefor. We recently indicated that "[t]he ultimate evil of a deprivation of property, or better, a frustration of property rights, under the guise of the exercise of the police power is that it forces the owner to assume the cost of providing a benefit to the public without recoupment” (French Investing Co. v City of New York, 39 NY2d 587, 596, supra; see, also, Lutheran Church in Amer. v City of New York, 35 NY2d 121, 130; Sax, Takings and the Police Power, 74 Yale LJ 36; 1 Rathkopf, Law of Zoning and Planning [4th ed], § 6.09, pp 6-30—6-33). We reject, therefore, the language in Matter of Forrest v Evershed (7 NY2d 256, 263) which suggests that proof that property is not suitable for public uses is required in a declaratory judgment *434 action challenging the constitutionality of a zoning restriction (see, also, Wackerman v Town of Penfield, 47 AD2d 988).
Finally, we note that in this case there was no requirement that plaintiff exhaust any claimed administrative remedies since such procedure is not required where a property owner seeks to utilize the property in a manner absolutely prohibited by the zoning classification, and attacks the validity of the zoning ordinance itself as confiscatory (see Scarsdale Supply Co. v Village of Scarsdale, 8 NY2d 325, 330; Dowsey v Village of Kensington, 257 NY 221, 227-228; see, also, Old Farm Rd. v Town of New Castle, 26 NY2d 462, 465-466).
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed.