■ LEEMAC SAND & STONE CORP., Respondent-Appellant, v ABBY H. ANDERSON et al., Constituting the Zoning Board of Appeals of the Town of Philipstown, et al., Appellants-Respondents, et al., Intervenors-Respondents. —In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the Zoning Board of Appeals of the Town of Philipstown, dated January 13, 1976, and made after a public hearing, which "denied" petitioner-respondent-appellant's appeal from the denial by the town building inspector of its application for a building permit, the said zoning board of appeals, Donald Trost, as the zoning administrative officer, and the Town Board of the Town of Philipstown appeal from stated portions of an order and judgment (one paper) of the Supreme Court, Dutchess County, dated July 30, 1976 and entered in Putnam County, which, *inter alia,* (1) declared certain provisions of the Zoning Law of the Town of Philipstown to be unconstitutional as applied to petitioner, (2) annulled the determinations denying petitioner's application for a building permit for a hot mix asphalt plant, and (3) directed Donald Trost to issue a building permit for the construction of the said plant. Petitioner cross-appeals from stated portions of the said order and judgment which, *inter alia,* enjoined it from continuing its sand and gravel operation pending the issuance of a special use permit and conditioned the granting of a building permit for the proposed hot mix asphalt plant on the obtaining of a permit for its sand and gravel operation. Order and judgment modified, on the law and the facts, by (1) deleting the third decretal paragraph thereof and substituting therefor a provision that petitioner may continue the operation of its sand and gravel plant provided

that it obtain the required permits for the sand and gravel plant pursuant to section 32 of the zoning law; (2) deleting the fourth decretal paragraph thereof and substituting therefor a provision declaring that section 32 of the Zoning Law of the Town of Philipstown is constitutional as applied to petitioner; (3) deleting the fifth decretal paragraph thereof; and (4) deleting from the sixth decretal paragraph thereof (a) all language beginning with the words "upon filing by petitioner" and ending with the words "as herein before directed" and (b) all language beginning with the words "and it is further ordered" and ending with "Part III thereof." As so modified, order and judgment affirmed, without costs or disbursements. Petitioner's time to apply for a building permit is extended until 30 days after entry of the order to be made hereon. Appellants-respondents improperly denied petitioner's application for a building permit for a hot mix asphalt plant. The imposition of conditions requiring compliance with other sections of the zoning law relating to a separate operation of petitioner was error. It is conceded that a hot mix asphalt plant is a permitted use within the district. If the application complied with all of the requirements concerning such a plant, the imposition of conditions relating to a different facility operated by petitioner was without authority. On the facts in this proceeding, the two operations should be treated separately. As to the sand and gravel operation, which is a prior nonconforming use, the reasonable regulation of such an operation has been upheld (see *Town of Hempstead v Goldblatt,* 9 NY2d 101, affd 369 US 590). The sections of the zoning law under attack herein were enacted to provide for the safe operation of such facilities. Appellants-respondents should avoid all delay in acting upon petitioner's application for the necessary permits to operate the sand and gravel plant. Until such time that the zoning board unreasonably refuses to issue such permits, or unreasonably refuses to extend such permits, the regulations cannot be claimed to be confiscatory. Without any showing of irreparable harm or serious injury, the injunction granted by Special Term was harsh. Martuscello, J. P., Latham, Shapiro and O'Connor, JJ., concur.