■ HEATHER HOLDING CORP., Appellant, v TOWN OF SOUTHAMPTON, Respondent.—In an action, *inter alia,* to declare the Building Zone Ordinance of the Town of Southampton unconstitutional and void insofar as it classifies certain land owned by plaintiff as other than light industry, plaintiff appeals from so much of a judgment of the Supreme Court, Suffolk County, entered March 9, 1977, as, after a nonjury trial, declared that the ordinance was not invalid, unconstitutional or confiscatory as applied to its property. Judgment affirmed insofar as appealed from, with costs. In this action for a declaratory judgment, plaintiff-appellant sought a declaration that the CR-40 Country Residential District zoning of its property by the Town of Southampton in May, 1972 was invalid, unconstitutional and confiscatory. The Special Term, after a full trial on the issues, upheld the constitutionality of the ordinance. We agree with the conclusion reached by the Special Term. In our view, plaintiff has failed to meet its burden of

establishing that the zoning ordinance promulgated in 1972 as part of a comprehensive master plan was an unreasonable exercise of the police power and, therefore, unconstitutional (see *Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468). The evidence indicates that the general area in which the subject property is located is in its early stages of development and there is no demonstrable demand for this property under any zoning classification. Therefore, a declaration at this point that the ordinance is unconstitutional would prematurely frustrate the town's comprehensive zoning plan. The court is mindful of the existence of certain physical conditions, i.e., a sanitary landfill operation near plaintiff's property and a junkyard operated as a nonconforming use on the core parcel of plaintiff's property, which may have an adverse effect on the residential development of the area. However, the evidence in the record indicates that the landfill operation is temporary since the town has definite plans to terminate it in the immediate future. Similarly, the use of the junkyard may be discontinued by plaintiff at a minimum cost, or by the town itself if it be so advised, through a period of amortization, if its continued use realistically interferes with the residential development of the area (see *Matter of Harbison v City of Buffalo,* 4 NY2d 553). Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.