■ In the Matter of JAMES COOK et al., Appellants, v ROBERT HAYNES et al., Constituting the Board of Zoning Appeals of the Town of Tully, et al., Respondents.—Judgment unanimously reversed, with costs, and petition granted in accordance with the following memorandum: This is an appeal from a judgment denying a petition to vacate the resolution of respondent Board of Zoning Appeals (Board) directing respondent administrative officer to issue a building permit to one Coffin. In 1970 Mr. Coffin bought a parcel of land in the Town of Tully having a frontage of 115 feet on the west side of Sky High Road and a depth of 200 feet. It was a rural area, zoned R-1, for residential and agricultural purposes. The zoning ordinance then required a residential lot in the area to have only 100 feet frontage and a depth of 125 feet. In 1973 the ordinance was amended to require a minimum frontage of 150 feet and minimum lot size of one acre. In November, 1975 Coffin applied to respondents for an area variance to permit him to build a residence on his lot. In December the Board conducted a public hearing thereon, at which only the applicant spoke in favor and four persons spoke in opposition. The Board "tabled" the application. In March the Board adopted a resolution reserving decision on' the application, without prejudice, and directing respondent zoning administrator to issue a permit to the applicant upon his conforming with certain conditions. As owners of a farm adjoining the subject property on the west and north, petitioners instituted this proceeding to vacate respondents' action. In their answer respondents allege, among other things, that because Mr. Coffin bought his lot before the ordinance was amended, he has a pre-existing nonconforming use and hence does not need a variance. Such assumption is erroneous. Since Coffin had made no improvement on the lot, it was similar to all of the farmland around it, and thus did not constitute a nonconforming use of the property. All such properties are subject to reasonable zoning regulations (see Town Law, art 16, § 261 *et seq.)* and, since the subject property was not being used in a manner different from other area property, the owner only having a different use in prospect for the distant future, it became subject to the amended ordinance (see *Dodge Mill Land Corp. v Town of Amherst,* 61 AD2d 216; *Stoddard v Town of Marilla,* 60 AD2d 771). To hold otherwise could greatly impair the application of zoning laws. For example, an owner of a large tract who subdivided it into lots 40 feet by 80 feet in size could thereby frustrate municipal officials from upgrading the area even though no structure had been built on any lot. No evidence was adduced at the hearing to show that such property could not be used or sold under the existing ordinance so as to yield a reasonable return or profit to the owner, and respondent Board made no such finding. Such evidence is required to justify the variance and the issuance of the requested permit *(Matter of Zulkofske v Board of Zoning Appeals of Inc. Vil. of Muttontown,* 61 AD2d 824; *Wackerman v Town of Penfield,* 47 AD2d 988; *Matter of Moore v Nowakowski,* 44 AD2d 901, mod on other grounds 46 AD2d 996; *Matter of*

*Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls,* 45 AD2d 793). Respondents rely upon *Matter of Dittmer v Epstein* (34 AD2d 675) and *Matter of Mandalay Constr. v Eccleston* (9 AD2d 918). It appears that in those cases and the cases cited therein the courts found that the subject property could not yield a reasonable return under the ordinance. So construed, we are in agreement with those decisions, and they are consistent with our determination herein. (Appeal from judgment of Onondaga Supreme Court—art 78.) Present—Marsh, P. J., Cardamone, Simons, Denman and Witmer, JJ.