■ In the Matter of ROBERT BAKER et al., Appellants, v BOARD OF ZONING APPEALS OF THE CITY OF ITHACA et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered August 22, 1977 in Tompkins County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to annul a decision of the respondents denying petitioners' application for a use variance, and granted respondents' cross petition for a permanent injunction enjoining petitioners from using

their property in violation of the zoning ordinance. Petitioners own property at 412-414 North Tioga Street in the City of Ithaca. Pursuant to a use variance received for that property in 1961 which authorized the erection of an "office and apartment," petitioners demolished two residential structures and built a two-story building. The first floor was occupied by a dental clinic. The mother of petitioner Robert Baker used the second floor as her residence. The property was zoned "A Residence" in 1961 and the variance was needed in order to use the property for a medical facility. However, the property has been rezoned since then and it is now located in an "R-3" zone in which residential dwellings, medical facilities, and home occupations as an accessory use are permitted. When the mother of petitioner Baker moved out of the building in 1975, petitioners leased the second floor to a real estate agency and a complaint was filed against such use shortly thereafter. Following respondents' denial of a variance for use of the second floor as a real estate office, a rehearing was granted. The real estate agency moved out for unrelated reasons and petitioners' amended application requested an interpretation as to whether the 1961 variance allowed use of the entire building for commercial purposes, or in the alternative, requested a new use variance for the second floor as a business or professional office. Respondents determined that the 1961 variance did not allow the entire building to be used for nonresidential purposes and denied the requested variance. Petitioners then commenced this CPLR article 78 proceeding seeking to annul the determination made by respondents. This appeal is from the judgment of Special Term which dismissed the petition and granted respondents' cross petition permanently enjoining petitioners from using the property in violation of the zoning ordinance. Petitioners' arguments on this appeal raise three issues: (1) whether the respondents applied the proper standard in rejecting the application for a use variance; (2) whether there is substantial evidence to support the respondents' determination that petitioners failed to establish unnecessary hardship; and (3) whether the injunction was improvidently granted by Special Term. In *Matter of Otto v Steinhilber* (282 NY 71, mot for rearg den 282 NY 681), the Court of Appeals stated that a use variance could only be granted upon a showing that (1) the land in question cannot yield a reasonable return if used only for a purpose allowed in that zone; (2) the plight of the owner is due to unique circumstances and not to the general conditions in the neighborhood which may reflect the unreasonableness of the zoning ordinance itself; and (3) the use to be authorized by the variance will not alter the essential character of the locality. The zoning ordinance of the City of Ithaca codified the *Otto* test for granting use variances.* Petitioners argue that recent case

---

* The zoning ordinance for the City of Ithaca (§ 30.58, subd B, par 3) states: "In reaching a decision or determination of practical difficulties or unnecessary hardship the Board of Appeals shall find the following conditions are present before granting a variance to the use regulations of this Chapter: a. That there are special circumstances or unique conditions, fully described in the findings of the Board, applying to such land or buildings and not applying generally to land or buildings in the neighborhood, which would prevent said land or buildings from yielding a reasonable return if used for any permitted purpose. b. That for reasons fully set forth in the findings of the Board, the granting of the variance is necessary for the reasonable use of the land or buildings. c. That the granting of the variance will be in harmony with the general purposes and intent of this Chapter, and will not be injurious to the neighborhood or otherwise detrimental to the public welfare."

law has eliminated the second requirement of "unique circumstances" and that the respondents' determination should be annulled since an improper standard was used. While it is true that the continuing vitality of the "unique circumstances" requirement was raised in a decision of the Court of Appeals 11 years ago *(Matter of Jayne Estates v Raynor,* 22 NY2d 417, 425; accord *Williams v Town of Oyster Bay,* 32 NY2d 78, 81, n 1; *Matter of Moore v Nowakowski,* 44 AD2d 901, mod 46 AD2d 996; *Matter of Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls,* 43 AD2d 793), more recent decisions indicate a return to the traditional test of the *Otto* case *(Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468, 471-472; see *Matter of Consolidated Edison Co. of N. Y. v Hoffman,* 43 NY2d 598, 607). Accordingly, we feel that the respondents properly used the three-element test of *Otto* in deciding whether or not to grant petitioners' application for a use variance. The "unique circumstances" element serves to distinguish judicial solutions from legislative remedies. If the neighborhood is such that the individual applicant's hardship under the prevailing zoning ordinance is widespread and shared by many neighbors, an amendment of the zoning scheme seems appropriate. Judicial intervention mandating a grant of a use variance should be called for only in those infrequent instances where some particular facet of the applicant's property makes an otherwise generally equitable zoning plan an unnecessary hardship (see *Matter of Otto v Steinhilber,* 282 NY 71, 75, *supra;* 2 Anderson, New York Zoning Law and Practice, § 18.24). Moreover, even if a finding of "unique circumstances" were no longer required, it would not require us to reverse the judgment of Special Term and annul the determination made by respondents. This is because the use variance application was not denied solely due to petitioners' failure to show "unique circumstances," but rather due to their failure to establish any of the three elements required for the granting of a use variance under the prevailing ordinance. Since local zoning boards have discretion in considering applications for variances, the scope of judicial review is limited and the determination of a zoning board should not be set aside unless there is a showing of illegality, arbitrariness or abuse of discretion *(Matter of Fuhst v Foley,* 45 NY2d 441). Petitioners introduced a great deal of evidence which indicated that their property would be more valuable if used for business or professional purposes. However, a landowner is not entitled to a variance merely because he would realize a greater return under the intended use than under the permitted use *(Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468, 472, *supra; Matter of Carroll v Ingram,* 59 AD2d 85, mot for lv to app den 43 NY2d 642). Respondents' conclusion that the second floor of the property could still be used for residential purposes is supported by substantial evidence in the record and must therefore be upheld *(Matter of Fuhst v Foley, supra).* There is also substantial evidence supporting the respondents' position that granting the variance might have an adverse impact on the neighborhood. The disappearance of living units from a neighborhood leads to security problems after dark due to the diminished activity which results after the office personnel leave work. These security problems in turn contribute to more residential flight from the neighborhood and further aggravate the problem. Finally, we turn to the issue of whether or not Special Term acted improperly in granting the permanent injunction. Since we do not find any showing by respondents of irreparable harm or serious injury, the injunction should not have been granted *(Leemac Sand & Stone Corp. v Anderson,* 57 AD2d 916). Judgment modified, on the law and the facts, by deleting so

much thereof as granted respondents' cross petition seeking a permanent injunction and, as so modified, affirmed, without costs. Greenblott, J. P., Kane, Main, Mikoll and Herlihy, JJ., concur.