■ In the Matter of RUSSELL HOUGHWOT et al., Respondents, v TOWN OF KIANTONE et al., Appellants.—Judgment unanimously reversed, without costs, and petition dismissed. Memorandum: Petitioner owns an irregular shaped parcel of land consisting of 1.05 acres which is situated in a rural area at the southwest corner of Route 62 and Riverside Road in the Town of Kiantone. The town's zoning ordinance established three business districts and designated the remainder of the town for agricultural-residential use, in which district the subject property is located. The ordinance empowers the board of appeals to grant use restriction variances for limited time periods, not to exceed three years. All applications for commercial building permits in business zones must be made to the town board. Petitioner made application to the town board for permission to construct a commercial building and to conduct a business use on the property. The town board refused to adopt the recommendation of the planning board that a commercial zone be established in an area which would include petitioner's property. Thereafter, following a public hearing the zoning board of appeals denied petitioner's application for a commercial building permit and permanent business use variance. Based upon an unverified petition this article 78 proceeding was instituted to review the determination of the zoning board and to declare the ordinance unconstitutional. Special Term rejected respondent's objection to the unverified petition and declared the ordinance unconstitutional as it applies to petitioner's property. First, Special Term correctly held that respondents failed to demonstrate prejudice by reason of petitioner's failure to verify the petition and waived their objection by failing with due diligence to treat the petition as a nullity (CPLR 2001, 3026; *Matter of Nafalski v Toia,* 63 AD2d 1039, 1040; *Matter of O'Neil v Kasler,* 53 AD2d 310, 315; Siegel, New York Practice, § 235). Secondly, however, we hold that Special Term's finding, that the ordinance is unconstitutional because it contains no provision for the granting of a variance on a permanent basis and was "not aimed at upgrading the area", is erroneous. The zoning board acted on the petitioners' application for a permanent variance pursuant to powers granted to it by subdivision 5 of section 267 of the Town Law. The proof before the zoning board showed that a commercial gravel pit was in operation to the east of the property under a three-year variance granted by the zoning board and that petitioners' land had been offered by its previous owner for residential sale for a year without success. Petitioners, however, failed to overcome the zoning ordinance's presumption of validity. They did not demonstrate that the ordinance deprived them of a present reasonable

return on their property or that the ordinance was an unreasonable exercise of the police power (McGowan v Cohalan, 41 NY2d 434, 436; Dur-Bar Realty Co. v City of Utica, 57 AD2d 51, 56, affd 44 NY2d 1002). In fact, no evidence supporting their claim of unconstitutionality was submitted. The ordinance clearly does not prohibit businesses from being established in the town. Moreover, no proof was presented evidencing that the ordinance deprived petitioners of all reasonable uses of the property (Matter of Grimpel Assoc. v Cohalan, 41 NY2d 431, 432; McGowan v Cohalan, supra, p 436; Matter of National Merritt v Weist, 41 NY2d 438, 445), and that the property will not yield a reasonable return for each use permitted under the ordinance (Matter of Forrest v Evershed, 7 NY2d 256, 262; Megin Realty Corp. v Baron, 46 NY2d 891). As the zoning board found, petitioners submitted no dollars-and-cents proof that the property does not yield a reasonable return as required (Dauernheim, Inc. v Town Bd. of Town of Hempstead, 33 NY2d 468, 471). "The considerations for determining the constitutionality of a zoning ordinance as applied to a particular owner's property are much the same as those prescribed for the grant or denial of a variance" (Williams v Town of Oyster Bay, 32 NY2d 78, 81). The zoning ordinance, therefore, is constitutional as applied to petitioners' property and the denial of the variance application was not an abuse of discretion. Petitioners' assertion that the property had been offered for residential sale for a year without success was not documented with evidence of the price at which it was offered or the efforts made to bring it to the attention of potential buyers. In short, they made no showing of a bona fide effort to use, sell or lease the property profitably (Matter of Forrest v Evershed, supra, p 262; Dodge Mill Land Corp v Town of Amherst, 61 AD2d 216, 221; Matter of Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls, 43 AD2d 793, 794). This failure of proof requires a dismissal of the petition. (Appeal from Chautauqua Supreme Court—art 78). Present—Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.