In the Matter of JAMES V. ALAIMO, Respondent, v TOWN OF GREECE et al., Appellants.

Fourth Department, July 6, 1979

APPEARANCES OF COUNSEL

*Walter C. Eves, Deputy Town Attorney,* for appellants.

*Salzman, Salzman, Lipson & Buzard (A. Vincent Buzard* of counsel), for respondent.

### OPINION OF THE COURT

WITMER, J.

The basic issue on this appeal is whether an owner of real property, whose application for a permit to use the property as authorized by the zoning ordinance was allegedly delayed by the town's officials, during which time the ordinance was amended to bar such use, may upon this record compel the officials to grant the permit. Also involved is whether the owner is entitled to such permit on the ground of hardship.

In this article 78 proceeding the Town of Greece, respondent-appellant, appeals from a judgment, which invalidated its rezoning of petitioner's property from "B-2 Commercial" to "M-2 Manufacturing" and directed respondent and its planning board to take action upon petitioner's application for use of his property as provided in a B-2 Commercial zone and to issue such permits as are necessary for petitioner's use of his property within the requirements of the B-2 Commercial zone, as of February 17, 1978.

Petitioner owns land on the west side of Long Pond Road, zoned B-2 Commercial prior to May 2, 1978; and he intended to use it for a shopping center, a permitted use in that zone. In 1977 he and his architect met with respondent's supervisor concerning the development of the property for a shopping center. The supervisor opposed such use and allegedly stated that it would be accomplished over his "dead body". Despite

such opposition by the principal town official, petitioner made application for site plan approval of his property for a shopping center.

At a planning board hearing on the application it was announced that the town engineer had determined that the "fill" proposed by petitioner was "major" and so required a permit from the town board. The hearing was adjourned to give petitioner an opportunity to revise his plan to qualify as a "minor fill" which would not require town board approval. Although petitioner submitted a revised site plan within three days, the planning board did not consider it for nearly six weeks.

In the meantime, the town board gave notice of, and held, a hearing on an application by its Department of Community Development to rezone petitioner's property. Thereafter when petitioner's application came on at the adjourned hearing, it was rejected on the ground that it still provided for a major fill and could not be entertained until petitioner obtained a permit therefor, which, it was indicated, would require about eight weeks to secure. A month later petitioner was notified that the town board had rezoned his property to "M-2 Manufacturing", thus disqualifying it for use as a shopping center. The application of the town board to the County Department of Planning, for the rezoning of the area including petitioner's property, contained the statement, "Owner of Tax Acct. #1292.000 and #1293.000 has submitted a Site Plan to make use of the existing commercial zoning *which this application seeks to eliminate* (Copy attached)" (emphasis added).

At Special Term petitioner submitted an affidavit by his engineer asserting that only a minor fill was required in this application; and petitioner contends that the "fill" issue was raised by the town only as a ploy for gaining time to rezone the property. In another affidavit petitioner's appraiser asserted that in his opinion petitioner's land as rezoned "is unusable for industrial purposes for the foreseeable future." The pleadings and affidavits in this proceeding thus present issues of fact as to whether respondent unreasonably refused and delayed granting petitioner's application for site plan approval pending the town's action to amend the zoning ordinance and whether the amended ordinance denies petitioner all reasonable use of his property.

■ Zoning classifications are presumptively legal and cannot be successfully challenged without a showing by the owner

that he has been deprived of a reasonable return by any permitted use *(McGowan v Cohalan,* 41 NY2d 434, 436). "Such proof generally entails a showing of the bona fide efforts made to use, sell or lease the property profitably under the new zoning (see *Dauernheim, Inc. v Town Bd. of Town of Hempstead,* 33 NY2d 468; *Wackerman v Town of Penfield,* 47 AD2d 988; *Matter of Moore v Nowakowski,* 44 AD2d 901, mod 46 AD2d 996; *Matter of Tantalo v Zoning Bd. of Appeals of Town of Seneca Falls,* 43 AD2d 793)" *(Dodge Mill Land Corp. v Town of Amherst,* 61 AD2d 216, 221).

Moreover, an owner does not possess a vested right in the continuation of a particular zoning classification and, unless in reliance upon the zoning ordinance substantial work has been commenced prior to its amendment, an owner cannot claim a vested right in the original ordinance *(McGowan v Cohalan,* 41 NY2d 434, 438, *supra).*

■ In this case petitioner presented no evidence beyond his appraiser's conclusory statement to establish that his property cannot be profitably used under the zoning ordinance as amended; and no claim is made that petitioner had commenced work on his proposed use in reliance on the ordinance before its amendment. Petitioner contends, however, that in bad faith the town improperly sought to defeat him from obtaining a vested right in the existing ordinance, by delaying his application to build the shopping center. Petitioner thus invokes the doctrine of "special facts exception" enunciated in *Matter of Dubow v Ross* (254 App Div 706) and cited with approval in *Matter of Pokoik v Silsdorf* (40 NY2d 769, 773). In *Dubow (supra,* p 707), the court wrote: "If it be found that the public officials charged with the duty of issuing permits willfully withheld and refused to issue one to petitioner, and, in addition, misled and hindered him, to the end that if they had acted with reasonable promptness his permit would have been granted and he could have conducted the business so as to acquire a vested right prior to the amendment of the zoning ordinance, we are of opinion that he would be entitled to the relief which he seeks" (see, also, *Matter of Pokoik v Silsdorf, supra; Marsh v Town of Huntington,* 39 AD2d 945; *Matter of Dyl & Dyl Dev. Corp. v Building Dept. of City of Yonkers,* 31 AD2d 818; *Matter of Golisano v Town Bd. of Town of Macedon,* 31 AD2d 85).

Upon this record questions of fact exist (1) whether respondent town unreasonably delayed action on petitioner's applica-

tion to proceed under the original ordinance, including whether he was actually in compliance therewith when he made his application (see *Matter of Pokoik v Silsdorf,* 40 NY2d 769, 773, *supra; Matter of Nichol v Planning Bd. of Vil. of Manlius,* 28 AD2d 1077, affd 26 NY2d 1032) and, if not, (2) whether petitioner's property as rezoned cannot be used so as to render to him a reasonable financial return *(McGowan v Cohalan,* 41 NY2d 434, *supra).*

Special Term erred, therefore, in granting petitioner's application as a matter of law, and the matter should be remitted to Supreme Court, Monroe County, for a hearing and determination of the issues of fact.

We find no merit in respondent's contention that Special Term exceeded its jurisdiction in any manner.

DILLON, P. J., SCHNEPP, CALLAHAN and MOULE, JJ., concur.

Judgment unanimously reversed, without costs, and matter remitted to Supreme Court, Monroe County, for hearing and determination in accordance with opinion by WITMER, J.