■ In the Matter of ROGER G. MORSE et al., Appellants, v ROBERT SCHROEDER et al., Constituting the Zoning Board of Appeals of the Town of Poestenkill, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered November 30, 1979 in Rensselaer County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, seeking to annul the determination of the Zoning Board of Appeals of the Town of Poestenkill, New York, made on June 25, 1979. Petitioners Judith and Roger Morse reside in their one-family residence on five acres of land off Snake Hill Road in the Town of Poestenkill, New York. The respondent Kevin Kronau resides in his one-family residence on approximately seven acres of land adjoining that of the petitioners, which parcel is landlocked, and he has access by way of an easement over the petitioners' land to reach the road. The parcels are located in a hilly, wooded section of Poestenkill known as the Rensselaer Escarpment and fall within a district zoned residential, pursuant to the Poestenkill Land Use Ordinance. The respondent first made application to the building inspector for a permit to store machinery and materials on his parcel, and the building inspector found that the proposed use of the land was not in violation of the ordinance. That decision was thereafter rescinded by the building inspector and the respondent was advised to make an application for a variance. It is from the granting of such variance that this proceeding ensued. The statutory authority for the creation, powers and jurisdiction of a local zoning board of appeals is set forth in section 267 of the Town Law. With specific regard to the board's right to grant administrative relief from a strict application of a land use ordinance, reference is made to subdivision 5 of section 267 of the Town Law, which provides, in pertinent part, as follows: "Where there are practical difficulties or unnecessary hardships in the way of carrying out the strict letter of such ordinances, the board of appeals shall have the power in passing upon appeals, to vary or modify the application of any of the regulations or provisions of such ordinance relating

to the use, construction or alteration of buildings or structures, or the use of land, so that the spirit of the ordinance shall be observed, public safety and welfare secured and substantial justice done." There is little dispute that the respondent's property was being used for commercial purposes not permitted in the residential zone, and the record sets forth the variety of light and heavy construction equipment and the storage of necessary materials to substantiate the fact. The respondent in his application for a variance stated that it was required for the operation of a "retail business in R-I Zone", and stated his reason for the variance as "storage of equipment and materials used for construction". The same language was used by the planning board in granting the application on May 15, 1979. The proof submitted by the respondent may be summarized as stating that it would be more convenient to operate from his property and that "Strict use of present code would require keeping equipment [and] supplies at other locations that at this time are not owned or available". He further stated that no actual business was being conducted on the site, that the area was used only for storage purposes and that in many instances the equipment was used for snow plowing and maintenance of the right of way. On June 25, 1979, the respondent received a letter from the zoning board of appeals which granted a variance, but it in no way suggests that the zoning board complied with the requirements of the code which permit such variance only where there are "practical difficulties" or "unnecessary hardships". Indeed, there is no evidence in the record to sustain such a finding, had it been made. The petitioners' application to annul the variance was denied by Special Term for the reason that "The weight of the proof supplied to the Zoning Board, and its actions taken on the basis of such proof, do not appear arbitrary, unreasonable, capricious or in violation of lawful procedure sufficient for this court to interfere with its decision". Similar to the decision of the planning board, it makes no reference to "practical difficulties or unnecessary hardships" required by the zoning ordinance. As noted hereinabove, the zoning board failed to make the necessary findings of necessity and hardship, and the record is devoid of any evidence to sustain the grant of a use variance. Contrary to the finding of Special Term, the grant of the variance is arbitrary, unreasonable and capricious, as well as legally erroneous (Matter of Otto v Steinhilber, 282 NY 71; Matter of Baker v Board of Zoning Appeals of City of Ithaca, 67 AD2d 1071). Judgment reversed, on the law, and determination of the Zoning Board of Appeals of the Town of Poestenkill, New York, annulled, with one bill of costs to the appellants against the respondents filing briefs. Greenblott, J. P., Main, Mikoll, Casey and Herlihy, JJ., concur.